DIETER URMONEIT *et al.*, Plaintiffs-Appellants, *v.* GISELLE S. PURVES, Defendant-Appellee.

(No. 74-412; ▮▮▮▮▮▮▮)

Second District (1st Division)—December 3, 1975.

James J. Regan, of Northbrook, for appellants.

C. William Bockelman, Jr., of Behanna & Pasquesi, of Highland Park, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs sued to rescind a contract for the purchase of a beauty salon. As a result of the failure of the plaintiff Hannelore Frensch to appear for the taking of her deposition pursuant to an order of court the defendant's motion to dismiss the suit under Supreme Court Rule 219(c) was granted. (Ill. Rev. Stat. 1973, ch. 110A, par. 219(c).) Plaintiffs appeal, contending that the dismissal was an abuse of discretion, that defendant's motion to dismiss was procedurally defective and that the court erred in refusing to certify a "bystander's" report of proceedings.

On the common law record before us it appears that defendant served notice that he would take the discovery deposition of the plaintiffs on May 23, 1974. On June 11, 1974, defendant moved for an order requiring that plaintiffs appear on a date certain, alleging that the plaintiffs "re-

fused to appear for a deposition as requested on May 23, 1974." Also on June 11, 1974, the plaintiffs through their attorney filed a petition reciting that they were no longer business associates and that Dieter Urmoneit had assigned his interest to Hannelore Frensch and sought to be dismissed as a party plaintiff. The court by order of June 11, 1974, continued the petition but ordered that the deposition of Hannelore Frensch be taken on September 16, 1974.

The next order of record is dated July 29, 1974, and recites that counsel for the plaintiffs has advised defendant's counsel that Urmoneit was out of the country and may not return. Plaintiffs' counsel was ordered to file a verified petition within seven days stating Urmoneit's whereabouts and his availability for deposition. The motion to set a deposition date was continued to August 8, 1974.

On August 8, 1974, the deposition of Urmoneit was ordered for August 20,[1] and counsel for the plaintiffs was granted ten days to file an affidavit stating the whereabouts of Hannelore Frensch.

On August 14, 1974, plaintiffs' attorney filed an affidavit giving the whereabouts of Hannelore Frensch at an address in Germany, stating that to the best of counsel's knowledge she would reside at that address until on or about September 10, 1974, when she would return and be available for her deposition.

On September 25, 1974, defendant filed a motion to dismiss alleging that the deposition of Hannelore Frensch had been set for September 16 by court order and continued to September 17 at the request of her counsel but that on September 17 her counsel called defendant's counsel and stated that Hannelore Frensch would not appear that afternoon, could not be reached, and thus that it was uncertain when she would be available for her deposition.

The order entered September 27, 1974, from which the appeal is taken recited that it was on defendant's motion to dismiss, "[f]or plaintiffs continued refusal to comply with orders of discovery" and further recites that the court "heard arguments of counsel."

Following the entry of the order both plaintiffs' attorney and defendant's attorney presented a proposed report of proceedings pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 323(c)), both of which were refused certification by the court on the basis that no evidence had been heard on the September 25th motion to dismiss.

■■ The plaintiffs' proposed report is merely the substance of the arguments heard. The purpose of providing alternative methods of reporting

---

[1] Although it does not appear in the record, defendant's counsel concedes that this deposition was taken on August 20, 1974.

the events at trial is to provide a record upon which a party's contentions arise. (See *People v. Hopping*, 60 Ill.2d 246, 252, 253 (1975).) We fail to see how counsel's arguments and representations without the offer of proof of any kind would be relevant to the issues on this appeal. Moreover, the remedy for failure to certify the report of proceedings would have been mandamus. See *Silverstein v. Grellner*, 15 Ill.App.3d 695, 698 (1973).

■■■ The trial judge's order of dismissal must therefore be reviewed upon the basis of the common law record. The plaintiffs did not respond to the allegations contained in the motion to dismiss and they stand admitted. The burden of proof was on the plaintiff Hannelore Frensch to establish by affidavit or otherwise that her failure to comply with the court rules and the court's order was warranted by extenuating circumstances or events. (*Schwartz v. Moats*, 3 Ill.App.3d 596, 599 (1971).) Sanctions for failure to comply with court orders for pretrial discovery rest within the broad discretion of the trial court, and its exercise will not be interfered with unless it appears that it has been abused. (*Hearst v. City of Chicago*, 9 Ill.App.3d 1085, 1088-1089 (1973); *In re Estate of Atwood*, 97 Ill.App.2d 311, 321 (1968).) Upon the record before us we conclude that the trial court did not abuse its discretion in dismissing the case for failure to comply with Supreme Court Rule 219(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 219(c)) and with the order of the trial court.

■■ Plaintiffs' remaining contention that the court erred in granting defendant's motion to dismiss since it did not incorporate a statement that after personal consultation and reasonable attempts to resolve differences opposing counsel were unable to reach an accord (Ill. Rev. Stat. 1973, ch. 110A, par. 201(k)) is without merit. No objection was made in the trial court to the alleged deficiency of the defendant's motion to dismiss and it may not be challenged for the first time on appeal. (See *Schilson v. Weinberg*, 24 Ill.App.3d 967, 969 (1975).) Supreme Court Rule 201 (k) added in 1974 was "designed to curtail undue delay in the administration of justice and to discourage motions of a routine nature." (See Ill. Ann. Stat. ch. 110A, § 201, Committee Comments, at 49 (Smith-Hurd 1975-1976 pocket part).) However, the motion was not routine. Moreover, the motion to dismiss does contain a statement of personal consultation and defendant was not obliged to wait indefinitely when plaintiffs' counsel noted that it was uncertain when the deposition could be taken.

We therefore affirm the judgment of the trial court.

Affirmed.

GUILD and HALLETT, JJ., concur.