UNITED EXCAVATING & WRECKING, INC., Plaintiff-Appellant, *v.* J. L. WROAN & SONS, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 13477

Opinion filed November 4, 1976.

McConnell, Kennedy, Quinn & Morris, of Peoria, for appellant.

Fleming, Messman, Lapan & O'Connor, of Bloomington, for appellee J. L. Wroan & Sons, Inc.

Bane, Allison, Saint & Bliss, of Bloomington, for appellees Jack Johnson and Paul Johnson.

Mr. JUSTICE REARDON delivered the opinion of the court:

Plaintiff appeals from two orders of the Circuit Court of McLean County. One, dated December 5, 1973, granted judgment in favor of defendant Wroan pursuant to Supreme Court Rule 219(c) (58 Ill. 2d R. 219(c)). The order dismissed the complaint against Wroan with prejudice and assessed $100 against plaintiff for Wroan's attorney fees. A second order, dated July 11, 1975, granted Wroan's motion for summary judgment and awarded Wroan $88,827.77 due on the construction contract involved herein. This order certified, pursuant to Rule 304 (58 Ill. 2d R. 304), that "* * * there is no just reason for delaying enforcement or appeal * * *."

This appeal concerns a construction contract to build the Olympia High School in McLean County, Illinois. The general contractor, Wroan, initially contracted to build the school for Community Unit School District No. 16. Wroan then entered into a subcontract with defendant

Johnson, who was to handle the excavation and earth work at the construction site. Johnson, in turn, entered into a sub-subcontract with the plaintiff, who was to furnish labor and equipment for the earth work.

Plaintiff filed its complaint on August 4, 1971, alleging that it completed its work in a satisfactory fashion, but that it received no compensation pursuant to the sub-subcontract. Plaintiff accordingly prayed for an accounting by the defendants, judgment for $90,327.77 owed to plaintiff and a lien upon school district funds to be paid to the defendants.

On April 11, 1973, Wroan filed a motion to direct plaintiff's president, Richard Matusz, to appear on May 1, 1973, for a deposition in Bloomington, Illinois. The court granted the motion and also ordered Matusz to produce various books, records, correspondence, memoranda, contracts, with other relevant documentation at the time his deposition was to be taken. Upon motion of the plaintiff, on April 30, 1973, the order for the discovery deposition was vacated and the parties were ordered to reset the deposition date within three weeks, although Wroan did not serve notice of a new deposition date on plaintiff until June 4, 1973. On June 11, 1973, Wroan filed a motion to dismiss the cause of action against it for plaintiff's failure to cooperate in discovery. No hearing was held on the motion, but the parties reset Matusz's deposition for July 17, 1973, in Bloomington. Matusz appeared on that date, but he neglected to bring all of the court-ordered documentation from his home in Bedford, Ohio. Plaintiff's counsel offered to have Matusz return to Ohio, obtain the documents, and then return to Bloomington later that week to continue the deposition. Wroan's counsel rejected this suggestion and terminated the taking of the deposition.

On July 19, 1973, Wroan filed a motion requesting that the court enter judgment in its favor and that the court award attorney fees pursuant to the discovery sanctions of Rule 219(c). The court sustained the motion, in part, by assessing $100 attorney fees against plaintiff on September 13, 1973, and by ordering plaintiff's president, Matusz, to pay the assessment within ten days. Plaintiff complied with the order and, thereafter, Wroan filed a supplementary motion reiterating its original prayer for judgment in its favor dismissing the cause of action against defendant Wroan and for an award of $100 attorney's fees. On December 5, 1973, the trial court granted the motion "* * * with prejudice to Plaintiff * * *."

On May 16, 1975, the school district paid $90,327.77 to the clerk of the circuit court because it owed that amount to one or more of the parties.

On June 12, 1975, Wroan filed a motion for summary judgment alleging that it was entitled to $88,827.77 and praying that the clerk of the circuit court be ordered to release that amount out of the funds paid by the school district. The trial court granted Wroan's motion on July 11, 1975.

The court fixed July 1, 1975, as the effective date of the order and found that "* * * there is no just reason for delaying enforcement or appeal * * *."

Plaintiff essentially raises two issues in this appeal: (1) whether the circuit court abused its discretion by entering the order of December 5, 1973, granting judgment in favor of Wroan pursuant to Supreme Court Rule 219(c); and (2) whether, after that order, Wroan had standing to move for the summary judgment that was granted on July 11, 1975.

■■ We find that Wroan did not have standing to move for the summary judgment that was granted on July 11, 1975, and we hold that the order of summary judgment was improperly granted. Section 57(2) of our Civil Practice Act states:

"* * * [a] defendant may, at any time, move with or without supporting affidavits for a summary judgment or decree in his favor as to all or any part of the relief sought against him." (Ill. Rev. Stat. 1973, ch. 110, par. 57(2).)

In addition, section 57(3) of the Act states that:

"* * * [t]he judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law * * *." (Ill. Rev. Stat. 1973, ch. 110, par. 57(3).)

Wroan could have filed a motion to vacate or modify the December 5, 1973, order of dismissal at any time before final judgment (*Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 199 N.E.2d 652; Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)), but Wroan, being a stranger to the cause of action after December 5, 1973, lacked standing to move for the order of summary judgment that was granted on July 11, 1975. *Conley v. Rust* (1973), 12 Ill. App. 3d 26, 297 N.E.2d 397.

In *Goodrich v. Huntington* (1850), 11 Ill. 646, our supreme court stated that a judgment could be sustained on appeal even though it was entered after the suit was dismissed if the trial court either set aside the dismissal or if the parties stipulated that the cause be heard without reference to the prior dismissal. We find, however, that *Goodrich* does not control our disposition of the standing issue in the instant case because the trial court did not set aside the dismissal of December 5, 1973, and because the plaintiff filed a motion objecting to Wroan's standing to file a motion for summary judgment.

We turn next to the propriety of the trial court's entry of its order of December 5, 1973.

■■ In general, the imposition of sanctions for noncompliance with rules relating to discovery and other pretrial procedures rests largely

within the discretion of the trial court and the exercise of this discretion will not be interfered with unless it appears that the trial court is guilty of an apparent abuse of discretion. (*Buckler v. Sinclair Refining Co.* (1966), 68 Ill. App. 2d 283, 216 N.E.2d 14.) The trial court has a broad set of sanctions to which it can resort under Supreme Court Rule 219(c) to compel litigants to comply with any order it may enter pursuant to the Supreme Court Rules governing pretrial procedures. These sanctions, among others, range from the ability of the trial court to stay further proceedings, bar witnesses from testifying, prevent the defending party from filing other pleadings relating to the issues to which a failure or refusal to act relates, and includes the authority to award attorneys fees, and to enter a judgment against the offending party.

The sanctions are to be used by the trial court to accomplish the objectives of discovery, however, they must not be used simply to penalize a party who has not been diligent in complying with discovery. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.) As stated in *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 314 N.E.2d 638, the purpose of sanctions under Supreme Court Rule 219(c) is to obtain compliance with discovery rules, rather than to dispose of litigation as a form of punishment. An order of dismissal failing to follow this rationale might therefore reflect an abuse of discretion by the trial judge.

■■ The sanctions imposed herein were extreme and unduly severe rather than remedial. The sanctions imposed in the instant case do not appear to follow the purposes of discovery which are to make relevant and necessary information available to the requesting party and to assist in the advancement of the litigation. The trial court should only have resorted to the drastic measure of dismissal as a last resort, when all other enforcement powers at its disposal fail to advance the litigation. While plaintiff and its president were uncooperative, one cannot say that the discovery stages of the litigation had completely degenerated to the point where the vitality of the litigation itself had been utterly compromised. Furthermore, the record does not reflect that plaintiff or its president had refused to comply with the discovery order. We note that plaintiff's attorneys offered to have Matusz return to Ohio to retrieve the information requested and then journey back to Illinois for a continuation of the discovery deposition. This attitude on the part of plaintiff tends to belie Wroan's contention that plaintiff refused to comply with the discovery order. We note that the court's order granting attorney fees to Wroan was appropriate and calculated to force plaintiff and its president to comply with the discovery order, however, the order of dismissal was excessive.

For the foregoing reasons, we reverse the July 11, 1975, order granting summary judgment in favor of Wroan and, pursuant to authority granted

by Supreme Court Rule 366(a)(5) (58 Ill. 2d R. 366(a)(5)), we remand with directions to the trial court to vacate its order of December 5, 1973, which dismissed Wroan.

Reversed and remanded with directions.

CRAVEN, P. J., and GREEN, J., concur.