RUTH HANSEN, Plaintiff-Appellant, v. DR. VLADIMIR SKUL, Defendant-Appellee.

First District (5th Division)   No. 76-1406

Opinion filed October 21, 1977.

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Tenney & Bently, of Chicago (Richard J. Cochran and Karen S. Quandt, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order entered pursuant to Supreme Court Rules 218 and 219(c) (Ill. Rev. Stat. 1975, ch. 110A, pars. 218, 219(c)), dismissing her complaint for failing to disclose during a pretrial conference the name of her expert witness. On appeal she contends that the court erred in entering the dismissal because she had complied with all discovery requests and alternatively, that any noncompliance by her was not unreasonable.

Plaintiff filed this action on April 30, 1975, alleging that defendant had negligently treated her while she was confined at Columbus Hospital in July 1973. After defendant answered the complaint denying liability, both parties proceeded with discovery. In response to defendant's two sets of interrogatories plaintiff answered all questions concerning her medical care and treatment before and after the occurrence. Interrogatory No. 10 of the first set requested "the names of each person you may call as an expert witness at the trial of this case." Plaintiff's response filed October 28, 1975, was "None known at this time." Interrogatory No. 20 of the second set requested the names of all doctors who had examined or treated plaintiff since the occurrence. Her response filed March 25, 1976, listed the names of three physicians. Additionally, her answer to Interrogatory No. 26 of the second set stated that "No other persons had knowledge of her medical or physical condition."

No request was made for the name of plaintiff's expert witness in defendant's second set of interrogatories. Nor were additional interrogatories served upon plaintiff. Although notices calling for depositions of each party appear in the record, there is no indication that they were taken.

On July 9, 1976, the parties were notified that a pretrial conference would be held on July 20, 1976, in accordance with Supreme Court Rules 218 and 219(c).[1] On August 2, 1976, three days after the conference, the

---

[1] Subsection (a) of Rule 218 authorizes a pretrial conference to consider "(1) the simplification of the issues; (2) amendments to the pleadings; (3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; (4) the limitation of the number of expert witnesses; and (5) any other matters which may aid in the disposition of the action." Subsection (b) of the Rule provides that "[t]he court shall make an order which recites any action taken by the court and the agreements made by the parties as to any of the matters considered, and which specifies as the issues for trial those not disposed of at any conference." Section 219(c) provides that if any person "unreasonably refuses to comply with any provision of Rules 201 through 218 or fails to comply with any order entered under these rules, the court, on motion, may enter ° ° ° such orders as are just, ° ° °." Dismissal with or without prejudice is one of the sanctions provided. (Rule 219(c)(v).)

court entered an order dismissing plaintiff's complaint for "failure to disclose an expert witness" pursuant to Supreme Court Rules 218 and 219(c). No record of the pretrial conference was kept and none has since been certified.

OPINION

Plaintiff contends the court erred in dismissing her complaint. While conceding that the trial court may, pursuant to Supreme Court Rules 218 and 219(c) dismiss a complaint where a plaintiff refuses to disclose the name of an expert witness, she argues that she had complied with all requests for discovery. Alternatively, she contends that any noncompliance on her part was not unreasonable.

■■ Sanctions may be imposed when a party "unreasonably refuses" to comply with discovery rules or fails to comply with an order of court. (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c).) Dismissal of a party's cause of action "is a drastic sanction and should be employed only as a last resort, when the uncooperative party shows 'a deliberate, contumacious or unwarranted disregard of the court's authority' [citations]." (*Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 410, 330 N.E.2d 878, 880, accord, *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488.) In any event, the sanction order entered must be just. As stated in *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 763, 357 N.E.2d 195, 198, a just order is one which, to the degree possible, assures both discovery and trial on the merits.

Here, prior to the pretrial conference plaintiff had complied with all discovery. Until the conference the only requests by defendants for discovery were two sets of interrogatories and a notice requiring plaintiff to appear for her deposition. All interrogatories were answered and defendant made no motion to strike nor otherwise indicated any objection to the content of the answers. Nor was any motion made to impose sanctions for failure on the part of plaintiff to appear for her deposition, if in fact she did not.

Accordingly, the resolution of this appeal is dependent upon what occurred at the pretrial conference and in the three-day interval between the conference and the entry of the order dismissing plaintiff's complaint. However, no transcript of the pretrial conference was kept. Nor does the record reflect what occurred in the three day interval.

The sole record of the pretrial conference is the order appealed from which states that the cause was dismissed "pursuant to Rules 218 and 219(c) for failure to disclose an expert witness." There is no provision in Rules 201 through 218 (Ill. Rev. Stat. 1975, ch. 110A, pars. 201-218) specifically requiring the disclosure of an expert witness; but the parties

appear to be in accord that in a malpractice action where the allegations are such that a medical expert would be required to establish a breach of the required standard of care, the plaintiff should, when requested, disclose the names of any expert witnesses who would be called to testify to such breach.

■■ The record fails to disclose whether a motion as provided for in Rule 219(c) was made by defendant to disclose the names of expert witnesses. The order setting this matter for pretrial conference does not notify plaintiff that she would be required to disclose expert witnesses at the time of the conference. Nor is there any indication that plaintiff had any advance knowledge of the possibility that her case would be dismissed if she did not provide the name of an expert witness at the time of the conference.

■■ In such circumstances, we fail to see how plaintiff's inability to provide the name of an expert witness at the pretrial conference could be considered unreasonable or as showing "a deliberate, contumacious or unwarranted disregard for the court's authority." (*Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 410, 330 N.E.2d 878, 880.) We think that in a malpractice action, where it appears from the allegations in the complaint that expert testimony would be required to establish a breach of the standard of care, it would be appropriate for the court to enter an order, either on motion of a party or on its own motion, requiring disclosure within a reasonable time of information concerning the names of persons including experts who would be called to establish the breach.

Although plaintiff apparently failed to disclose the name of her expert witness, the record does not suggest a deliberate or unreasonable refusal on her part. Accordingly, we find this cause was improperly dismissed under Rules 218 and 219(c).

The judgment of the circuit court is therefore reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.