78 Ill. App.3d 1025 (1979)
398 N.E.2d 24
LUELLA WHITE et al., Plaintiffs-Appellants,
v.
HENROTIN HOSPITAL CORPORATION et al., Defendants-Appellees.
No. 78-1246.
Illinois Appellate Court  First District (4th Division).
Opinion filed October 25, 1979.
Rehearing denied December 28, 1979.
Alfred L. Levinson, of Chicago, for appellants.
Clausen, Miller, Gorman, Caffrey & Witous, P.C. (James T. Ferrini, Patrick J. Navin, and Patricia N. Hale, of counsel), for appellees.
Reversed and remanded.
Mr. JUSTICE ROMITI delivered the opinion of the court:
The trial court dismissed the plaintiffs' claims against the defendants *1026 for failure to comply with discovery. We find the imposition of such an extreme sanction to be, under the circumstance, an abuse of discretion and reverse.
The plaintiffs filed the original complaint on August 20, 1976. Their attorneys of record were Nicholas T. Kitsos and Alfred L. Levinson; Levinson signed the complaint and jury demand. On September 29, 1976, both parties served notices of depositions on the other party; the deposition of the plaintiffs by the defendants was set for November 24 and 29. On October 8, 1976, a request was filed to have the plaintiffs produce certain documents. There is nothing in the record which indicates that these documents were not produced as requested. However, the plaintiffs did not appear for their deposition on November 24 and 29, 1976. On November 18, 1976, all but one of the counts of the complaint were dismissed with leave to amend. The remaining count was dismissed on June 30, 1977. On July 13, 1977, the plaintiffs' first amended complaint was filed. That was dismissed on September 30, 1977. On November 30, 1977, the third amended complaint was filed.
On January 13, 1978, defendants Henrotin and Pong filed a motion complaining that plaintiffs had not appeared at the November 1976 discovery depositions and requested an order requiring plaintiffs' appearance for discovery depositions within the next 60 days. Notice was sent to Kitsos, not Levinson. The court ordered depositions on or before March 15, 1978. On February 15, 1978, the defendant Medtronic filed a request to admit certain facts which, if admitted, would clearly show there was no cause of action against Medtronic. On February 27, 1978, notice was sent to Kitsos that on March 14, 1978, Henrotin and Pong would move for the imposition of sanctions for failure to appear at depositions scheduled for February 21 and 24, 1978. On March 10, 1978, Medtronic, Inc., filed a motion to have the complaint dismissed for failure to respond to a production request and to answer interrogatories. Notice was sent to Kitsos, not Levinson. This motion was continued until March 14, 1978, at 8 a.m., without further notice to the parties. On March 14, 1978, the court, upon the motion of Henrotin and Pong, dismissed the plaintiffs' suit. No attorney for the plaintiffs was present.
On April 13, 1978, the plaintiffs filed a motion to vacate the dismissal and for a substitution of attorneys. In an affidavit attached to the motion, Kitsos stated that he had been ill since December 28, 1977, and unable to attend to any work at his office until well into the first week of March 1978; that during this same period his father-in-law had been seriously ill, dying on March 7, 1978; that he had been without fulltime secretarial help since January 1, 1978; that on February 1, 1978, and at other times he had discussed with counsel for Medtronic and Henrotin his inability to cope *1027 with anything and was assured by them they would abstain from proceeding further until he communicated with them concerning his ability to carry on the litigation; and that because of his own illness and the death of his father-in-law, he had been unable to communicate properly with the plaintiffs and advise them of the discovery proceedings.
Defendants Henrotin and Pong, in a verified statement in opposition to the motion, conceded that Kitsos had informed them of his illness but stated that nothing was said about postponing the February depositions. Medtronic adopted that statement and in its own added that by failing to respond to its motion to admit the plaintiffs had admitted the facts therein contained.
The court on April 28, 1978, denied the motion to vacate and dismissed as moot the motion to withdraw as counsel.
In a second motion to vacate, plaintiffs pointed out that Kitsos had avoided all contact with the plaintiffs who had wanted to discharge him for over six months; that they had had no communications from Kitsos informing them that their appearance was necessary; and that at all times they were and are ready, willing and able to be deposed. This motion was denied as also apparently was one on May 22, 1978, in which, inter alia, the plaintiffs repeated that they were ready, willing and able and offered to submit to depositions and answer any interrogatories.
The plaintiffs appealed, either on May 22, 1978, or May 26, 1978. In either event, the appeal was timely.

I.
We do not condone the conduct of attorneys in failing to communicate with their clients or in failing to appear on set dates (many of which were not mentioned in our recitation of facts). Nor do we excuse co-counsel merely because for some reason the defendants ignored him and served only Kitsos. He, as co-counsel, had an obligation to his clients to check the court files and keep current with the case.
Nevertheless, the issue before us is not whether the attorneys were without fault. It is whether, under the circumstances of this case, the trial court abused its discretion in dismissing the action for failure to comply with discovery.
 1, 2 An unreasonable failure of a party to comply with the rules and orders of discovery may result in the imposition of sanctions by the trial court. (Williams v. City of Chicago (1977), 54 Ill. App.3d 974, 370 N.E.2d 119, appeal denied (1978), 71 Ill.2d 601; Hansen v. Skul (1977), 54 Ill. App.3d 1, 369 N.E.2d 267; In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195.) Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) provides a nonexclusive list of sanctions for *1028 noncompliance, ranging from a mere stay in the proceedings to the dismissal of the offending party's cause of action. The imposition of such sanctions is a matter which rests largely within the discretion of the trial court. (Williams v. City of Chicago (1977), 54 Ill. App.3d 974, 370 N.E.2d 119, appeal denied (1978), 71 Ill.2d 601; In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195.) However, in determining which orders or sanctions to impose under Supreme Court Rule 219(c), the trial court must seek not to impose punishment but rather to accomplish the object of discovery. (Williams v. City of Chicago (1977), 54 Ill. App.3d 974, 370 N.E.2d 119, appeal denied (1978), 71 Ill.2d 601; In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195; United Excavating & Wrecking, Inc. v. J.L. Wroan & Sons, Inc. (1976), 43 Ill. App.3d 101, 356 N.E.2d 1160.) Sanctions are to be imposed only when the noncompliance is unreasonable, and the order entered must be just. (Hansen v. Skul (1977), 54 Ill. App.3d 1, 369 N.E.2d 267; In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195.) A just order is one which, to the degree possible, insures both discovery and trial on the merits. (Williams v. City of Chicago (1977), 54 Ill. App.3d 974, 370 N.E.2d 119, appeal denied (1978), 71 Ill.2d 601; Hansen v. Skul (1977), 54 Ill. App.3d 1, 369 N.E.2d 267; In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195.) For these reasons, courts are reluctant to impose the sanctions of dismissal. (In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195.) It is a drastic punishment (Hansen v. Skul (1977), 54 Ill. App.3d 1, 369 N.E.2d 267; In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195; Department of Transportation v. Zabel (1975), 29 Ill. App.3d 407, 330 N.E.2d 878; Schwartz v. Moats (1971), 3 Ill. App.3d 596, 277 N.E.2d 529), and should not be invoked except in those cases where the actions of the party show a deliberate, contumacious or unwarranted disregard of the court's authority. (Williams v. City of Chicago (1977), 54 Ill. App.3d 974, 370 N.E.2d 119, appeal denied (1978), 71 Ill.2d 601; Hansen v. Skul (1977), 54 Ill. App.3d 1, 369 N.E.2d 267; In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195; Department of Transportation v. Zabel (1975), 29 Ill. App.3d 407, 330 N.E.2d 878; Schwartz v. Moats (1971), 3 Ill. App.3d 596, 277 N.E.2d 529.) Dismissal, being such a drastic sanction, should be employed only as a last resort (Williams v. City of Chicago (1977), 54 Ill. App.3d 974, 370 N.E.2d 119, appeal denied (1978), 71 Ill.2d 601; Hansen v. Skul (1977), 54 Ill. App.3d 1, 369 N.E.2d 267; United Excavating & Wrecking, Inc. v. J.L. Wroan & Sons, Inc. (1976), 43 Ill. App.3d 101, 356 N.E.2d 1160; Department of Transportation v. Zabel (1975), 29 Ill. App.3d 407, 330 N.E.2d 878), when all other enforcement powers at the court's disposal fail to advance the litigation (United Excavating & Wrecking, Inc. v. J.L. Wroan & Sons, Inc. (1976), 43 Ill. App.3d 101, *1029 356 N.E.2d 1160, and compare Gillespie v. Norfolk & Western Ry. Co. (1968), 103 Ill. App.2d 449, 243 N.E.2d 27), and it should be set aside if it will not cause a hardship for the parties to proceed to trial on the merits. (Williams v. City of Chicago (1977), 54 Ill. App.3d 974, 370 N.E.2d 119, appeal denied (1978), 71 Ill.2d 601; Gillespie v. Norfolk & Western Ry. Co. (1968), 103 Ill. App.2d 449, 243 N.E.2d 27.) Finally, it must be remembered that, as pointed out in Federenko v. Builders Plumbing Supplies, Inc. (1970), 123 Ill. App.2d 129, 137, 260 N.E.2d 41, 44, appeal denied (1970), 44 Ill.2d 583:
"In Mieszkowski v. Norville, 61 Ill. App.2d 289, 209 NE2d 358 (1965), it is said (p 297):
`The entry of a default judgment against a party litigant is a harsh and drastic action. Frequently, the default is visited upon the litigant, as a vicarious punishment, for the acts or omissions of his counsel. While we recognize that rules of court must be observed if dockets are to be kept current, yet courts must, in a proper case, yield the procedural exactitudes to the more basic rules of fundamental fairness. `* * * Rights should be determined by default only as a last resort.'
[3] Although, as asserted by defendant, the instant record indicates that plaintiff's attorneys have shown disregard for pretrial procedure and have hampered the efforts of a conscientious and industrious trial judge, we think the dismissal of plaintiff's action in this case visited a harsh punishment on plaintiff for the acts and omissions of his counsel. In justice and with fundamental fairness, we think plaintiff should be given an opportunity to proceed on the merits of his action, provided the inconvenience and expenses of defendant and his attorneys are taken care of."
The defendants argue that the sanction of dismissal has often been upheld, citing Hoover v. University of Chicago Hospitals (1977), 51 Ill. App.3d 263, 366 N.E.2d 925; Urmoneit v. Purves (1975), 33 Ill. App.3d 939, 338 N.E.2d 423; Bender v. Pfotenhauer (1974), 21 Ill. App.3d 127, 315 N.E.2d 137; Goldman v. Checker Taxi Co., Inc. (1967), 84 Ill. App.2d 318, 228 N.E.2d 177, appeal denied (1967), 36 Ill.2d 631; Danforth v. Checker Taxi Co. (1969), 114 Ill. App.2d 471, 253 N.E.2d 114. In each of those cases, the conduct of the party was more egregious than in this case. In Hoover the plaintiff was representing herself and repeatedly refused to comply with a discovery order to produce an expert witness; whereas, in the present case, the plaintiffs were represented by counsel whose omissions, not theirs, led to the noncompliance. In Urmoneit, the plaintiff had been in Germany. She supposedly had returned but her attorney *1030 could not reach her and thus could not say when she would be available for a deposition. In the instant case, the plaintiffs apparently were available and willing at all times to submit to discovery but because of a breakdown in communications between attorney and client were never contacted. In Bender, the case had already been dismissed once for failure to appear for a discovery deposition. That dismissal was vacated and discovery set for 1:30 p.m. on October 24, 1973. The attorney and his client arrived at the other attorney's office at 1 p.m., found no one there and left, the plaintiff informing his attorney, erroneously it would appear, that Kankakee businessmen took Wednesdays off. Unlike Bender, here the case had not previously been dismissed for failure to comply with discovery, and the plaintiffs neither knew of the discovery proceedings nor caused the noncompliance. Likewise, Goldman also involved a situation where the case had already been dismissed once before for failure to comply with discovery. Furthermore, the plaintiff in that case did not seek to vacate the dismissal until 17 months after the order was entered. Similarly, in Danforth, the plaintiff was seeking to have the dismissal vacated under a section 72 motion. The court in that case remarked that the argument that fundamental fairness demands a trial on the merits might be persuasive if urged in the trial court before the expiration of the 30-day period. In the present case, unlike in Goldman and Danforth, the motion to vacate was filed within that 30-day period.
 3, 4 In light of the purpose behind Supreme Court Rule 219(c) and the fact that the plaintiffs' noncompliance was not contumacious we believe the dismissal of the case and the subsequent refusal to vacate the dismissal were an abuse of the court's discretion. This is not to say that a lesser sanction would not be appropriate. Likewise, since the plaintiffs are not entitled to an unlimited time to comply with the defendants' discovery requests (In re Estate of Fado (1976), 43 Ill. App.3d 759, 357 N.E.2d 195), it would be appropriate to condition reinstatement upon the plaintiffs' compliance with discovery.

II.
 5 Medtronic has also sought affirmance upon the grounds that since the plaintiffs never replied to the request to admit, they have admitted the facts stated therein and have no cause of action. The request to admit was filed on February 15, 1978. By Supreme Court Rule 216, the plaintiffs were required to deny the allegations within 28 days or they stood admitted. The suit was dismissed with prejudice on March 14, 1978, 27 days after the request to admit was filed. With the dismissal, the request became moot, and there was no reason to answer it. Accordingly, the plaintiffs' failure to file a denial on March 15, 1978, did not act as an admission of the allegations contained in the request.
*1031 For the foregoing reasons, the order of dismissal entered March 14, 1978, is reversed and the cause remanded to the circuit court of Cook County with directions to allow reinstatement of the complaint upon such reasonable terms as may be appropriate and for further proceedings not inconsistent with this opinion.
Reversed and remanded.
JOHNSON and LINN, JJ., concur.