HOWARD N. APPLEGATE, Plaintiff-Appellant, v. GILBERT L. SEABORN *et al.*, Defendants (General Motors Corp., Defendant-Appellee).

Fourth District   No. 4—84—0717

Opinion filed April 10, 1985.—Rehearing denied May 10, 1985.

WEBBER, J., dissenting in part.

Law Offices of Kanoski & Butler, P.C., of Rushville (Scott J. Butler, of counsel), for appellant.

Law Offices of McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria (R. Michael Henderson, Karen J. Steele, Patricia S. Harris, and Judith A. Zakens, of counsel), for appellee.

JUSTICE TRAPP delivered the opinion of the court:

This action arises from a two-vehicle collision in which an automobile driven by the plaintiff, Howard Applegate, was met head-on by a truck traveling in the opposite direction. Plaintiff filed negligence counts against the driver of the truck, Gilbert Seaborn, and the owner of the truck, Patrick Seaborn. He also filed a products liability count and a negligence count alleging negligent design and manufacture

against the maker of the truck, General Motors Corp. Plaintiff's theory in the counts pleaded against General Motors was that defects in the front differential housing of the truck caused the vehicle to go out of control and collide with plaintiff's automobile.

Prior to trial, the trial court entered an order barring the testimony of an expert listed as a plaintiff's witness, as a discovery sanction. Having made this ruling, the court determined that plaintiff would have no other substantive evidence and entered judgment for General Motors. The other defendants were voluntarily dismissed. Plaintiff appeals the judgment entered in favor of General Motors on grounds that the discovery sanction was not warranted under the circumstances.

Plaintiff's initial discovery response in this cause included a metallurgical analysis relating to the front differential assembly of the truck involved in the collision. This report, prepared by Marvin D. VanEtten, concluded that a defectively manufactured differential housing casting had been installed in the truck. General Motors requested production of the vehicle components which had been the subject of the report. Plaintiff replied that, to his knowledge, the parts had been disposed of by Mr. VanEtten. General Motors filed a motion for sanctions. In granting the motion, the trial court found that, although neither plaintiff nor his attorneys were to blame for the loss of the evidence, the loss impeded the ability of General Motors to present a defense. As a discovery sanction the court barred VanEtten from testifying in the matter; upon finding that no substantive evidence remained in the case, the court entered judgment for General Motors.

The imposition of discovery sanctions pursuant to Supreme Court Rule 219 (87 Ill. 2d R. 219) rests largely in the discretion of the trial court and will not be disturbed on review unless that discretion had been abused. (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050.) Sanctions should not be imposed, however, unless a party's noncompliance with discovery rules or orders is unreasonable. (*White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 398 N.E.2d 24.) On the basis of the record presented in this court, we can find no adequate basis for imposing the challenged discovery sanction against the plaintiff.

It is undisputed that VanEtten, rather than plaintiff or plaintiff's attorneys, disposed of the vehicle components in issue. On appeal, the defendants repeatedly characterize VanEtten as plaintiff's expert; however, VanEtten's role in the proceedings is somewhat more complex. The complaint alleged that the collision was caused by a defec-

tive front differential assembly in Patrick Seaborn's truck. Seaborn's insurer, Economy Fire and Casualty, caused the truck to be examined by the engineer, VanEtten. After examining the truck components, VanEtten disposed of the parts. The record discloses a probable explanation in that VanEtten's work order included the legend "[e]vidence will be disposed of 60 days from billing, unless notified to hold."

VanEtten's report was dated June 23, 1980. On May 26, 1982, plaintiff first listed VanEtten as a potential witness. It is apparent that the vehicle parts were disposed of long before this latter date.

There is no basis in the record for concluding that plaintiff ever had control over the vehicle parts or that he ever had the ability to comply with the motion to produce. To the contrary, the parts, which were components of the Seaborn truck, apparently remained in the possession of the defendants until their disposal by VanEtten. We do not perceive how plaintiff's subsequent listing of VanEtten as a possible witness would alter these basic facts. Moreover, although it is true that General Motors shares none of the responsibility for the loss of the component parts, and may experience difficulty in preparing a defense in the absence of those parts, these observations do not justify an otherwise improper order of sanctions.

■ Since it is undisputed that plaintiff was not responsible for the loss of the evidence, and because there is no indication that plaintiff ever had the ability to comply with the discovery request, we conclude that the trial court abused its discretion when it prohibited plaintiff from presenting the testimony of VanEtten as a discovery sanction. Accordingly, we reverse and remand the cause for further proceedings on the pleadings.

Reversed and remanded.

GREEN, P.J., concurs.

JUSTICE WEBBER, dissenting in part:

I respectfully disagree with the conclusion reached by the majority.

We are faced with a typical situation in which one of two innocent parties must suffer. In my opinion the plaintiff should be the one. It is elementary that one who intends to file a lawsuit has the burden of preserving the evidence upon which that suit will rest. The majority disparages the defendant's characterization of VanEtten as plaintiff's expert. Indeed, he was plaintiff's expert and was retained at a time when plaintiff knew, or should have known, that the vehicle's com-

ponents had been destroyed. To allow testimony under those circumstances is to open wide the gate for the possibility of abuse. While products liability cases are generally tried as a duel of the experts, there is no requirement that expert testimony be presented. The plaintiff's case may be presented by circumstantial evidence in the absence of the *corpus delicti*. This court so held. Compare *141 South Main, Inc. v. Magic Fingers, Inc.* (1977), 49 Ill. App. 3d 724, 364 N.E.2d 605.

I would affirm the trial court in debarring VanEtten from testifying but would reverse its wholesale dismissal of the action and remand for trial with what other evidence plaintiff may be able to produce.