RONALD WILKINS *et al.*, Plaintiffs-Appellants, v. T. ENTERPRISES, INC., d/b/a The Belvedere Restaurant, *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 87—2218 through 88—2220 cons.

Opinion filed December 19, 1988.—Rehearing denied January 20, 1989.

Steck, Spataro & O'Brien, of Chicago (John R. O'Brien, of counsel), for appellants.

Law Offices of Tyrrell & Flynn, of Chicago (Kenneth F. Knight and Marcia L. Cohen, of counsel), for appellee T. Enterprises, Inc.

JUSTICE BUCKLEY delivered the opinion of the court:

On February 24, 1986, the circuit court consolidated for discovery purposes nine cases pending against defendants T. Enterprises, Inc., Lawrence Foods, and Ellengee Market Company.[1] The complaints in these cases sought recovery for injuries suffered by guests at a wedding reception as a result of food poisoning. On January 27, 1987, the circuit court dismissed three of the nine cases with prejudice because plaintiffs failed to comply with its discovery order.

The sole issue presented on appeal is whether the trial court abused its discretion in issuing the prejudical dismissal order as an initial discovery sanction. For the reasons explained below, we find that the court did abuse its discretion and we reverse its dismissal order.

To understand the context in which the court issued the discovery sanction, it is necessary that we narrate the history of defendants' attempts to obtain discovery from the plaintiffs involved in this appeal. Subsequent to the filing of plaintiffs' complaints between July and October 1985 by their attorney Mr. John O'Brien, defendants served interrogatories, supplemental interrogatories and Rule 214 (107 Ill. 2d R. 214) production requests on plaintiffs to be answered within 28 days. After plaintiffs did not comply within the statutory time and at the urgence of T. Enterprises, Judge Thomas Hoffman issued the following orders to respond to outstanding written discovery: on January 27, 1986, an order on John Tintori to comply within 28 days; on January 27, 1986, an order on Kenneth and Marie Tintori to comply within 35 days; and on April 9, 1986, an order on Ronald and Patricia Wilkins to comply within 35 days. None of these plaintiffs complied with the court orders.

Between May and October 1986, defense counsel for T. Enterprises and O'Brien engaged in a number of telephone conversations. On May 27 and June 4, defense counsel for T. Enterprises telephoned O'Brien regarding plaintiffs' failure to comply within the statutory

---

[1]Although the outcome of this appeal affects T. Enterprises, Inc., Lawrence Foods and Ellengee Market Company, we address only the arguments posited by T. Enterprises, as it is the only defendant which had filed a brief in this appeal.

time. On October 6, O'Brien telephoned defense counsel regarding settlement of the cases. Defense counsel for T. Enterprises again telephoned O'Brien on October 31 regarding discovery, at which time O'Brien requested 21 days to answer.

On November 3, 1986, defendants T. Enterprises and Lawrence Foods moved for and were granted an order compelling all plaintiffs in the nine pending cases to comply with outstanding written discovery by December 3, 1986. The court also entered and continued T. Enterprises' motion for sanctions and motion to dismiss until January 27, 1987. On behalf of plaintiffs in the nine cases, O'Brien complied with all outstanding discovery in six of the cases, but did not file answers to interrogatories in the three cases now on appeal by December 3, 1986, or by January 27, 1987.

At the January 27 sanction hearing, attorney Robert Condon appeared on behalf of plaintiffs and requested a continuance because O'Brien was out of town. Following defense counsel's arguments concerning the pending motions and a representation from Condon that two of the required five sets of interrogatories were prepared and awaiting signature, Judge Odas Nicholson dismissed plaintiffs' cases with prejudice.

Plaintiffs subsequently filed a motion to reconsider, which Judge Nicholson heard on April 8, 1987. At this hearing, O'Brien tendered signed answers to interrogatories for Kenneth and Marie Tintori and represented that two others were also prepared. O'Brien explained to the court that the delay was due to plaintiffs' lack of sophistication and recognition of the importance of the matter. Judge Nicholson denied plaintiffs' motion on the grounds that plaintiffs had not set forth anything new that would cause the court to alter the January 27 order and that plaintiffs did not give a reasonable excuse for their noncompliance. The court further refused O'Brien's request to continue the hearing in order to obtain the January 27 transcript, remarking that O'Brien could resubmit his motion after reading the January 27 transcript and determining that his argument had merit.

Plaintiffs thereafter filed an amended motion for reconsideration with an attached copy of the January 27 transcript, and a hearing was held on July 6, 1987. O'Brien tendered answers to interrogatories on behalf of the remaining plaintiffs at this time. Judge Nicholson denied plaintiffs' amended motion, stating again that nothing new had been presented to cause the court to change its January 27 ruling. Plaintiffs then filed this appeal.

■ Illinois Supreme Court Rule 219(c) addresses the sanctions a trial court may impose upon a party's failure to comply with discovery

orders. It provides that a trial court may enter a "just" order where a party unreasonably refuses to comply with a discovery order, and it outlines a nonexclusive list of sanctions, ranging from the issuance of a stay in proceedings until compliance to the dismissal of the offending party's action with prejudice (107 Ill. 2d R. 219(c).) The imposition of sanctions pursuant to this rule is a matter generally left to the discretion of the trial court. (*Bautista v. Verson Allsteel Press Co.* (1987), 152 Ill. App. 3d 524, 504 N.E.2d 772.) The trial court, however, should impose sanctions to promote discovery, not to impose punishment (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 196, 226 N.E.2d 6, 16, *rev'd on other grounds* (1971), 45 Ill. 2d 418, 261 N.E.2d 305), and an order of dismissal with prejudice under Rule 219(c) is a drastic action to be employed only as a last resort (*Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 891, 408 N.E.2d 307, 309; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 978, 370 N.E.2d 119, 122-23, *appeal denied* (1978), 71 Ill. 2d 601).

■ The Illinois Supreme Court has not defined "unreasonable refusal to comply" with discovery under Rule 219(c), nor has the court particularized when the entry of a dismissal order with prejudice is appropriate. Nonetheless, Illinois appellate courts have generally accepted the rule that the dismissal sanction should not be invoked except in those cases where the actions of the party show a deliberate, contumacious or unwarranted disregard of the court's authority. *Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 890, 408 N.E.2d 307, 309; *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 1028, 398 N.E.2d 24, 28; *Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 5, 293 N.E.2d 742, 744; *Hansen v. Skul* (1977), 54 Ill. App. 3d 1, 3, 369 N.E.2d 267, 270.

■■ Plaintiffs and T. Enterprises cite a number of cases upholding and reversing dismissal orders wherein courts have assessed the offending party's conduct under the above standard. None of these cases are factually identical to the case at bar. After reviewing the factual circumstances involved in the instant case, we find that plaintiffs' delayed compliance, although it may have been careless, was not deliberate and contumacious. O'Brien represented all plaintiffs in the nine cases and received numerous discovery requests on their behalf. As to the appealed cases alone, defendants filed a total of five sets of interrogatories and three production requests in each case, totaling approximately 34 typed pages for each case. Although the length of the discovery requests does not excuse plaintiffs' lack of diligence and their delayed compliance, it is relevant to whether their conduct was

deliberate and contumacious.

Also relevant is that plaintiffs at no time expressly refused to comply with the discovery requests. To the contrary, plaintiffs demonstrated a willingness to comply throughout the discovery period. At the time the court issued its sanction, O'Brien had filed answers to discovery requests on behalf of plaintiffs in six of the nine consolidated cases. He also manifested plaintiffs' willingness to comply in the three appealed cases. In discussions with counsel from T. Enterprises concerning discovery in October 1986, O'Brien requested an extension of time in order to comply. At the January 1987 hearing on the issue of sanctions, Condon stated that two of the interrogatory answers were prepared and awaiting signature. At the April 1987 hearing on the motion for reconsideration, O'Brien tendered two of plaintiffs' five answers and also represented that two more answers were awaiting signature. Moreover, O'Brien tendered answers to interrogatories on behalf of all plaintiffs at the July 1987 hearing.

Finally, the only prejudice defendants suffered as a result of plaintiffs' conduct was the delay in the proceedings. Unlike situations where a requested object is lost or destroyed during the period of a plaintiff's lack of diligence, defendants' requested discovery was in fact tendered to the court in July 1987.

Accordingly, in light of the purpose of Rule 219(c) and our findings that plaintiffs' conduct was not contumacious and that plaintiffs' delayed compliance did not substantially prejudice defendants, we hold that the sanction of dismissal with prejudice was too severe for an initial sanction in this case. Without commenting on what an appropriate sanction might have been, we reverse the dismissal orders and remand the cases to the trial court with instructions to the court to reinstate the cases and allow plaintiffs 10 days to file answers to interrogatories.

Reversed and remanded with directions.

CAMPBELL, P.J., and MANNING, J., concur.