JOHN BIESTEK & ASSOCIATES, LTD., Plaintiff-Appellee, v. LAURENCE KELLY, Defendant-Appellant.

First District (6th Division)   No. 1—89—1159

Opinion filed December 15, 1989.

R.S. Maione, of Chicago, for appellant.

Hollander & Hollander, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, John P. Biestek and Associates, Ltd., a law firm, sued defendant Laurence Kelly, its former client, for attorney fees. The trial court entered a default against defendant for failure to answer interrogatories within a seven-day period, as ordered by the court. The trial court denied defendant's motion to vacate the judgment and defendant appeals.

On April 14, 1988, plaintiff filed suit. On May 11, 1988, defendant filed his *pro se* appearance. On May 23, 1988, defendant filed his answer to the complaint.

On September 1, 1988, plaintiff filed a set of interrogatories.

On October 13, 1988, plaintiff filed a motion for summary judgment. The motion was continued and a briefing schedule was set.

On October 25, 1988, plaintiff filed a motion for sanctions for defendant's failure to answer the interrogatories. Plaintiff sought either a default judgment, or an order barring defendant from providing evidence which would have been disclosed in the interrogatory answers, or an order requiring defendant to pay the attorney fees necessary to bring the motion for sanctions.

The court ordered defendant to answer the interrogatories by November 1. The court continued the motion for sanctions to November 14.

On October 27, 1988, defendant filed an answer to the complaint.

At the November 14 hearing on the motions for sanctions and for summary judgment, the court denied defendant's request for a continuance to obtain counsel. The court continued plaintiff's motion for summary judgment generally, and granted plaintiff's motion for sanctions. The court struck defendant's answer, held defendant in default, and set the matter for prove up on December 30.

On December 30, 1988, defendant failed to appear and an *ex parte* judgment was entered in favor of plaintiff in the amount of $6,979.55 plus costs.

On January 25, 1989, defendant filed a motion to vacate the judgment. On February 17, 1989, the trial court granted defendant leave to be represented by counsel.

On March 18, 1989, defendant tendered the interrogatory answers to plaintiff. Apparently a set of answers was filed, but without first receiving leave of court to do so.

On April 4, 1989, the court denied the motion to vacate. The court heard arguments from the attorneys, part of which focused on the question of whether the court had ever informed the previously *pro se* defendant that if he complied with discovery before December 30, the court would vacate the order holding defendant in default. The court then explained that it was the court's practice to place a party in default, but that it "would all go for naught and he will get his defense" if defendant would later seek to vacate the judgment and, presumably, comply with the discovery order. The court, however, went on to state that it had been hard on plaintiff in order to protect the *pro se* defendant, and denied the motion to vacate the judgment.

▮▮▮ We believe that in this case the imposition of a default for failure to answer interrogatories was a harsh sanction. The purpose of providing sanctions is to promote the flow of discovery and not to punish a noncomplying party. (*Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 402 N.E.2d 352; *Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 408 N.E.2d 307; *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 398 N.E.2d 24.) A default judgment or dismissal with prejudice is a drastic punishment which the courts are reluctant to impose. (*In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195.) It should be employed only as a last resort in order to enforce the rule of discovery. (*Nehring v. First National Bank* (1986), 143 Ill. App. 3d 791, 493 N.E.2d 1119.) The appropriate sanction for an unreasonable compliance with discovery rules is within the discretion of the trial court; however, that discretion must be carefully exercised in order to balance the needs of discovery and resolution of the issues on their merits. (*Tennicott v. Chicago Transit Authority* (1981), 103 Ill. App. 3d 607, 431 N.E.2d 1077.) A sanction is inappropriate. where a trial on the merits can be had without prejudice or hardship. (*White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 398 N.E.2d 24.) We note that defendant at no time expressly refused to comply with the discovery request. (See *Wilkins v. T. Enterprises, Inc.* (1988), 177 Ill. App. 3d 514, 532 N.E.2d 469.) Indeed, at the time of the hearing on sanctions defendant requested an extension of time

in order to comply and to retain counsel. We also observe that plaintiff suffered no prejudice as a result of defendant's delay, particularly since the information requested in the interrogatories was almost entirely already known to plaintiff and was not a key to the litigation.

Nevertheless, we do not have to determine whether the entry of the default by the trial court was an abuse of discretion. Defendant filed a timely motion to vacate the judgment. He retained counsel and tendered answers to the interrogatories to plaintiff. We conclude that, under the circumstances, the trial court abused its discretion in refusing to vacate the judgment.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

EGAN, P.J., and LaPORTA, J., concur.