THE CITY OF URBANA, Plaintiff-Appellee, v. MICHAEL FUERST, Defendant-Appellant.

Fourth District   No. 4—87—0878

Opinion filed July 14, 1988.

Larry R. Silkwood, of Urbana, for appellant.

Jack Waaler, Corporation Counsel, of Urbana, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On January 2, 1987, plaintiff the City of Urbana filed a five-count complaint against defendant Michael Fuerst charging him with numerous violations of building code ordinances in regard to his ownership of rental property. After a bench trial at which much evidence was received by stipulation, defendant was found guilty on September 3, 1987, of counts I, II, IV, and V of the complaint, count III having been dismissed. After a sentencing hearing, the court imposed various fines on October 1, 1987. After reconsideration, the court entered an order on December 10, 1987, vacating the judgment as to count V and confirming the other fines imposed. Those fines were as follows: count I, $5,800; count II, $5,800; and count IV, $4,960. Defendant has appealed. We modify the fines and affirm.

On appeal defendant claims error only in the amount of the fines. He contends: (1) the court imposed fines for each day of violation of count I without having given the type of notice required to authorize such a cumulative fine; (2) the total fines imposed were excessive, arbitrary and an abuse of discretion; and (3) the court failed to consider defendant's financial resources and circumstances before imposing the fines.

As to each count upon which defendant stands convicted, the court imposed an additional fine for each day of the violation. The conviction as to count I was for a violation of the BOCA Basic Property Maintenance Code (Property Maintenance Code) (Urbana, Ill., Urbana City Code ch. 5, art. IX (1980)). Amended subsection PM—109.2 of the Property Maintenance Code states:

"Subsection PM—109.2. Penalty.

Any person who violates the provisions of this article shall, upon conviction thereof, be fined not more than two hundred dollars ($200.00) and in addition shall pay all costs and expenses involved in litigation. A separate offense shall be deemed committed upon each day during or on which a violation occurs or continues *after due notice is served.*" (Emphasis added.) Urbana, Ill., Urbana City Code ch. 5, art. IX, §5—359 (1980).

Subsection PM—106.1 of the Property Maintenance Code further provides as follows:

"Whenever the code official determines that there has been a violation of this code or has reasonable grounds to believe that a

violation has occurred, \*\*\* he *shall give notice* to the owner \*\*\* in the manner prescribed below." (Emphasis added.) (Urbana, Ill., Urbana City Code ch. 5, art. IX, §106.1 (1980).)

Subsection PM—106.3 of the Property Maintenance Code states that notices "other than dangerous building notices are properly served" if a copy of the notice is delivered to the person to be served *"personally,"* with provision for substituted service if personal service is not obtained. (Emphasis added.) Urbana, Ill., Urbana City Code ch. 5, art. IX, §5—359 (1980).

■ The record is clear that plaintiff obtained personal service of the notice required by subsection PM—109.2 only on defendant's secretary, and not on defendant, and did not comply with any of the provisions of subsection PM—106.3 of the Property Maintenance Code for substituted service. Defendant maintains compliance with the foregoing notice requirements was a condition precedent to the imposition of consecutive penalties for each day of violation, and a failure to comply makes the imposition of those additional penalties erroneous. Defendant does not object to the imposition of a maximum penalty of $200 for the violation even though the proper notice was not given. Defendant concedes the notice was required as a condition of consecutive penalties only in regard to count I. Counts II and IV involved violation of the NFPA Life Safety Code (Urbana, Ill., Urbana City Code ch. 5, art. V), violation of which is more serious and which requires no giving of such notice as a condition precedent to imposition of consecutive penalties for each day of violation.

Plaintiff responds by citing to *City of Chicago v. Hadesman* (1958), 17 Ill. App. 2d 150, 149 N.E.2d 425, and *City of Rockford v. Suski* (1980), 90 Ill. App. 3d 681, 413 N.E.2d 527, to support its contention proper notice was not required. In those cases provisions of ordinances directing city officials to give notice to property owners whose property contained conditions violating building codes were held not to be conditions precedent to the filing of suits against the owners for the violations. The courts deemed those notice requirements to be for the purpose of attempting voluntary compliance by the owners. In *Hadesman,* a municipal code provision "afford[ed] injunctive relief in the event that 'after due notice' the owner or owners of the building do not conform with the provisions of the Code." (*Hadesman,* 17 Ill. App. 2d at 154, 149 N.E.2d at 427.) However, the opinion does not indicate injunctive relief was sought in that case, and the opinion shows fines only were imposed.

We do not deem *Hadesman* and *Suski* analogous to the instant case. Here, the notice requirement is not one regarding the bringing of

suit but one regarding the severe penalty of consecutive fines for each day of violation. The provision occurs in the format of a code which requires this type of notice for the types of punishment only under the Property Maintenance Code, but not when more serious violations of the Life Safety Code are involved. The statutory language clearly indicates proper notice is a condition precedent for the consecutive penalty. We hold strict compliance to be required. Accordingly, we vacate all of the fine for count I except the single $200 penalty.

■ Defendant maintains the total fines of $16,560 were excessive, arbitrary, and an abuse of discretion. Because of our ruling in regard to count I, the total fines for which defendant is liable are now $10,960. We are satisfied the fines in this amount are fully proper. Plaintiff had been attempting for some time to get defendant to comply with the various code requirements, and some were shown to be serious.

■ We are also satisfied there is no merit to defendant's final contention that error occurred because of failure of plaintiff to present evidence which the court could consider in regard to his resources and ability to pay the fine. Under section 5—9—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(d)) the court is required to consider such matters before imposing a fine in a criminal case. Defendant notes that proceedings for violations of municipal ordinances are deemed to have some of the characteristics of criminal proceedings (*Village of Arlington Heights v. Suchocki* (1980), 89 Ill. App. 3d 985, 412 N.E.2d 561), but no case is cited requiring compliance with section 5—9—1(d) of the Unified Code of Corrections. Because of the necessity of dealing with many ordinance violation cases rapidly, imposing a requirement that a record be made in each case of consideration by the court of the section 5—9—1(d) elements would not seem wise. We hold such requirement does not exist.

We recognize a defendant may show that a severe fine would be excessive, unreasonable or an abuse of discretion by showing an inability to pay such a fine. No such evidence exists here. Rather, the evidence showed defendant to be the owner of a multiunit apartment structure from which he was receiving rents.

We vacate all but $200 of the fine imposed as to count I and affirm other portions of the judgment appealed.

Affirmed in part; vacated in part.

LUND and KNECHT, JJ., concur.