W.E. MUNDY LANDSCAPING & GARDEN CENTER, INC., Plaintiff-Appellee, v. JOSEPH HISH, Defendant-Appellant.

Second District   No. 2—88—1265

Opinion filed August 16, 1989.

NASH, J., specially concurring.

Kenneth L. Kaergard, of Shearer, Blood, Agrella & Boose, of St. Charles, for appellant.

Martin L. Cassell, of Goldsmith, Thelin, Schiller & Dickson, of Aurora, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Joseph Hish, appeals from a judgment entered in favor of plaintiff, W.E. Mundy Landscaping and Garden Center, Incorporated, in the amount of $3,737.50. Defendant contends on appeal that the trial court's decision was against the manifest weight of the evidence. We affirm.

On August 30, 1988, plaintiff filed a complaint alleging that defendant breached an oral contract for landscaping services. The complaint alleged that defendant had requested certain services, that

plaintiff had provided those services, and that defendant had refused to pay for the services. Plaintiff alleged that defendant owed $4,007.50.

The case proceeded to a bench trial, and judgment was entered in favor of plaintiff in the amount of $3,737.50. Apparently, there was no court reporter present during the trial; therefore, no verbatim transcript of the trial exists. After filing his notice of appeal, defendant prepared a proposed report of proceedings in accordance with Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)). Thereafter, plaintiff filed its own proposed report of proceedings. Although there is nothing in the record to indicate what happened after the filing of these proposed reports, defendant's brief informs us that the trial judge "would not certify a Report of Proceedings." The parties have not filed a stipulated report of proceedings or an agreed statement of facts. (See 107 Ill. 2d Rules 323(c), (d).) Defendant proceeded with his appeal notwithstanding the lack of a report of proceedings. Defendant raises no issue on appeal concerning the trial court's refusal to certify a report, and we can find nothing in the record to indicate that the trial court improperly refused to make the certification.

On appeal, defendant asks this court to review the trial court's ruling in favor of plaintiff and to determine if the evidence supported the decision of the trial court. As noted above, there was no verbatim transcript of the trial. The Illinois Supreme Court rules set forth the procedure to be followed in this situation. Supreme Court Rules 323(c) and (d) provide:

"(c) Procedure If No Verbatim Transcript Is Available. If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. It shall be served within 14 days after the notice of appeal is filed. Within 28 days after the notice of appeal is filed, any other party may serve proposed amendments or his proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal.

(d) Agreed Statement of Facts. The parties by written stipulation may agree upon a statement of facts material to the

controversy and file it without certification in lieu of and within the time for filing a report of proceedings." 107 Ill. 2d Rules 323(c), (d).

■■ ■ As noted above, the trial court would not certify a report of proceedings, and the parties did not stipulate to a report of proceedings or a statement of facts. The record does contain the parties' proposed reports. However, these reports are very sketchy and conflict on at least one evidentiary issue: whether there was testimony that the architect's charges were fair and reasonable. We conclude that the record is insufficient to support defendant's contention that the trial court's ruling was not supported by the evidence.

It is patent that, without an opportunity to actually review the evidence, a reviewing court cannot determine if the evidence supports the trial court's judgment. The proposed reports included in the common-law record are neither stipulated to nor certified, and, as such, they are insufficient for review of the evidentiary issue raised on appeal. A properly authenticated report of proceedings is essential to the presentation of a record of sufficient completeness to permit a challenge to the evidence on the issues raised at trial. (Ill. Ann. Stat., ch. 110A, par. 323(c), Historical and Practice Notes, at 387 (Smith-Hurd 1985).) It is appellant's duty to present a complete record on appeal so that the reviewing court is fully informed regarding the issues to be resolved. (*Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 233; *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 584.) Where the determination on appeal of whether a particular decision of the trial court constituted error depends on an examination of the evidence, and the record on appeal does not show or purport to show all pertinent evidence on which the decision is based, the reviewing court will presume that the evidence omitted supports the decision of the trial court. *Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 42-43.

For the foregoing reason, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

DUNN, J., concurs.

JUSTICE NASH, specially concurring:
I agree with the result but not with all that is said, and left unsaid, in the opinion.

There is a presumption of correctness of a trial court's judgment,

as noted by the opinion, and I agree it should be applied in this instance as defendant has failed to provide this court with a sufficient record for review.

As there was no court reporter present at trial to make a verbatim transcript of the evidentiary proceedings, each party timely filed in the trial court a proposed bystander's report of proceedings for certification by the judge pursuant to Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)). Defendant advises us in his brief that the judge would not certify a report of proceedings. Presumably, there again was no court reporter present, and neither the record nor advice of counsel in their briefs informs us of the basis for the trial judge's refusal to comply with Rule 323(c).

In pertinent part, the rule provides that "the court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings." (107 Ill. 2d R. 323(c).) The plain terms of the rule do not appear to give the judge discretion to avoid its precepts; to so hold would leave in the hands of the trial court the key to review of its judgments in such cases. As this court noted in an analogous context, "[w]e do not believe that the discretion vested in a trial court permits it to convert a presumption of correctness into an impenetrable cloak of infallibility. We are reluctant to deny review where a trial court by its own order has created an inadequate record." (*Schulz v. Rockwell Manufacturing Co.* (1982), 108 Ill. App. 3d 113, 120, 438 N.E.2d 1230.) In *Rockwell*, the reviewing court reached the merits of the case by considering other matters in the record where the trial court had effectively precluded preparation of a bystander's report by refusing to issue subpoenas and grant an evidentiary hearing for that purpose.

In the present case we are offered two versions of the proceedings, neither of which has been certified as correct and which the trial court declined to settle. We have no means to do so here and cannot chose between the versions of the evidence offered by the parties. Certification of the report of proceedings is not jurisdictional but designed to assure the accuracy of the record. Where no inaccuracy in an uncertified report of proceedings is alleged, this court may amend the record and treat it as properly certified (*Ray v. Winter* (1977), 67 Ill. 2d 296, 367 N.E.2d 678), but that is not the case here where conflicting versions are submitted.

Defendant's remedy when the trial court declined to settle and certify a report of proceedings was in *mandamus*. (*Urmoneit v. Purves* (1975), 33 Ill. App. 3d 939, 338 N.E.2d 423.) Defendant might also have sought a supervisory order from our supreme court direct-

ing the trial judge to comply with its Rule 323(c). He did not seek such relief in this case, and we can then here only presume the correctness of the judgment of the trial court rather than review it.