THE CITY OF ELGIN, Plaintiff-Appellee, v. RALPH HAWTHORNE, Defendant-Appellant.

Second District No. 2—90—0105

Opinion filed October 26, 1990.

Marmarie J. Kostelny, of Zimmerman & Smith, of Elgin, for appellant.

Erwin W. Jentsch and Kathleen A. McCarthy, Assistant Corporate Counsel, of Elgin, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Ralph Hawthorne, appeals from the order of the circuit court of Kane County entering judgment on behalf of plaintiff, the City of Elgin (City), in the amount of $9,300. Defendant raises the following issues on appeal: (1) whether the trial court erred when it denied defendant's motion for a directed verdict; (2) whether the trial court erred by reserving ruling on defendant's

motion for a directed verdict at the close of the City's case; and (3) whether the trial court erred in revoking defendant's conditional discharge.

The City filed a complaint against defendant on May 23, 1988, charging 26 violations of the City's property maintenance code in regard to defendant's ownership and occupancy of property located at 459 North Spring Street in Elgin, Illinois. On January 9, 1989, defendant appeared and pleaded guilty to the charges. Defendant was sentenced to a six-month period of conditional discharge. He was directed to bring items 12 through 23 listed in the complaint into compliance by June 26, 1989. The court also imposed a $500 fine which was to be suspended if those items were brought into compliance.

The City filed a petition on June 26, 1989, to revoke defendant's conditional discharge, alleging that defendant had failed to bring items 12 through 23 into code compliance as ordered. On August 14, 1989, the court granted the City's oral motion to inspect the property. The inspection was to take place on August 15, 1989, and a hearing on the petition was set for August 17, 1989. There was no court reporter present during the hearing, and no transcript, certified report or stipulated report of the proceedings has been included in the record.

Following the hearing, the court entered its order finding that defendant was in substantial compliance with items 12, 13 and 14; that defendant had failed to bring items 16, 17, 18 and the siding referred to in item 19 into compliance, but that this failure was not willful; and that defendant willfully failed to comply with the court's order of January 9, 1989, as to items 15, 20, 21, 22, 23, and item 19 as to trim. The court also stated that, after reserving ruling, defendant's motion for a directed verdict at the close of the City's case was denied. The court then ordered that the $500 fine was still in effect but was stayed pending further order of the court and that a $50-per-calendar-day fine was assessed against defendant commencing June 26, 1989. The *per diem* fine was to be suspended if defendant was in compliance by October 2, 1989, with the items found to be willful violations. Defendant filed an appeal from this order which this court dismissed as premature.

A hearing for status on sentencing was subsequently held. Following the hearing, the court ordered: (1) that the stay of enforcement of the $500 fine previously assessed was lifted and judgment was entered in favor of the City and against defendant in the amount of $500; (2) that defendant was sentenced to a $50 *per*

*diem* fine from June 26 to December 19, 1989, for willful failure to comply with repairs; (3) that judgment was therefore entered in favor of the City and against defendant in the amount of $8,800, for a total judgment of $9,300; (4) that the City's motion to dismiss voluntarily its complaint as to the remaining items was granted; and (5) that the matter was terminated and there was no just reason to delay enforcement or appeal. This appeal followed.

Defendant argues on appeal that it was the City's burden to prove that defendant's failure to comply with the financial conditions of his sentence was a willful refusal to pay before an order could be entered revoking defendant's sentence of conditional discharge. Defendant contends that the City failed to introduce any evidence regarding defendant's financial ability to make the ordered repairs so that the trial court erred in denying defendant's motion for a directed verdict at the close of the City's case, in reserving ruling on the motion and therefore forcing defendant to make the difficult decision whether to present evidence regarding his ability to pay, and in revoking defendant's conditional discharge.

■■ Defendant has referred to his motion as a "motion for a directed verdict" and has cited a statute and case which are applicable to such a motion. As the hearing was held before a judge and not a jury, the motion was made pursuant to section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1110). This statute provides that the motion is waived if the defendant proceeds to adduce evidence in support of his or her defense. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1110.) As defendant has conceded in his brief that he presented evidence after making the motion, he has waived any complaint that the circuit court's ruling on the motion was erroneous. *Fear v. Smith* (1989), 184 Ill. App. 3d 51, 55.

The remaining issue, therefore, is whether the trial court improperly revoked defendant's sentence of conditional discharge. Defendant argues that a sentence of conditional discharge cannot be revoked if the only claim of violation is a defendant's failure to meet financial obligations which he has no ability to meet. He contends that the City failed to present any proof as to defendant's ability to meet the financial conditions imposed by the court's order and that the court failed to make a specific finding regarding defendant's ability to meet the imposed financial conditions.

Defendant bases this argument on sections 5—6—4.1(c) and (d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—6—4.1(c), (d)). He cites *People v. Harder* (1975), 59 Ill. 2d 563, *People v. Boucher* (1974), 57 Ill. 2d 225, *People v. Sus-*

*berry* (1979), 68 Ill. App. 3d 555, and *People v. Bullard* (1977), 52 Ill. App. 3d 712, for the proposition that it is incumbent upon the State to prove that a defendant's failure to comply with the financial conditions of a sentence is a willful refusal to pay before an order can be entered revoking a defendant's sentence of conditional discharge.

■ We note that the cases cited by defendant in support of his argument all involved situations where a sentence of probation was revoked and a term of imprisonment imposed. The courts held that, under sections 5—6—4(c) and (d) of the Code (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—6—4(c), (d)), there must be a finding that any failure to pay is willful before probation can be revoked based on the failure to comply with a financial obligation (*Boucher,* 57 Ill. 2d at 228) and that it is the State's burden to prove a willful refusal to pay (*Harder,* 59 Ill. 2d at 567; *Susberry,* 68 Ill. App. 3d at 562; *Bullard,* 52 Ill. App. 3d at 714). Defendant has cited no authority, and we have found none, which holds that the same is true under sections 5—6—4.1(c) and (d) (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—6—4.1(c), (d)), which defendant concedes is the statute that applies here, and where no term of imprisonment is imposed.

■ There is also a question as to whether the burden is applicable to a municipality. A prosecution for violation of a municipal ordinance, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding. (*City of Naperville v. Bernard* (1985), 139 Ill. App. 3d 784, 785; *Village of Mundelein v. Taylor* (1985), 130 Ill. App. 3d 819, 822.) The court in *City of Urbana v. Fuerst* (1988), 172 Ill. App. 3d 570, 573, held that section 5—9—1(d) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1(d)), which requires that the court consider a defendant's resources and ability to pay a fine in determining the amount and method of payment of the fine, does not apply to proceedings for violations of municipal ordinances. The court stated, "[b]ecause of the necessity of dealing with many ordinance violation cases rapidly, imposing a requirement that a record be made in each case of consideration by the court of the section 5—9—1(d) elements would not seem wise." (*City of Urbana,* 172 Ill. App. 3d at 573.) The same may well be true as far as imposing a burden on a municipality to prove a defendant's willful failure to pay before a sentence of conditional discharge may be revoked.

■■ In any case, even assuming such a requirement does exist in this type of situation, we agree with the City that the trial court must be affirmed because defendant has not furnished a suffi-

cient record to establish reversible error. No verbatim transcript, certified report of proceedings or stipulated report of proceedings of the August 17, 1989, hearing or the hearing preceding the December 19, 1989, order has been presented to this court. (See 107 Ill. 2d Rules 323(c), (d).) It is incumbent upon the party seeking review of a judgment to present a record of the proceedings and judgments showing the errors of which he complains. (*Waitcus v. Village of Gilberts* (1990), 199 Ill. App. 3d 102, 107.) Any doubts which may arise from the incompleteness of the record will be resolved against defendant. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392; *Northern Illinois Gas Co. v. Midwest Mole, Inc.* (1990), 199 Ill. App. 3d 109, 118.) "Where the determination on appeal of whether a particular decision of the trial court constituted error depends on an examination of the evidence, and the record on appeal does not show or purport to show all pertinent evidence on which the decision is based, the reviewing court will presume that the evidence omitted supports the decision of the trial court." *W.E. Mundy Landscaping & Garden Center, Inc. v. Hish* (1989), 187 Ill. App. 3d 164, 166.

The court did specifically find that defendant's failure to make certain of the repairs was willful. This finding was adequate to support an order of revocation. As we have no record of what evidence was presented at the hearings, we cannot possibly make a determination as to whether the court's finding was in error.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

DUNN and WOODWARD, JJ., concur.