NOTICE

Decision filed 07/14/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210315-U

NOS. 5-21-0315, 5-21-0316, 5-21-0317,

5-21-0318 cons.

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE CITY OF GRANITE CITY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| | ) | No. 19-OV-400177 |
| | ) | No. 19-OV-400178 |
| v. | ) | No. 19-OV-400179 |
| | ) | No. 19-OV-400180 |
| | ) | |
| KEVIN G. LINK, | ) | Honorable |
| | ) | Anthony R. Jumper, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order granting summary judgment to the City is reversed where the necessity of defendant's license remained a question of fact.

¶ 2    Defendant, Kevin G. Link, appeals the Madison County circuit court's order granting summary judgment to plaintiff. For the following reasons, we reverse.

¶ 3                                    I. BACKGROUND

¶ 4    On April 18, 2019, plaintiff, the City of Granite City, filed four complaints—19-OV-400177, 19-OV-400178, 19-OV-400179, and 19-OV-400180—for ordinance violations against defendant, Kevin Link, related to the following locations, respectively: 2111 Alexander, 2542 East

1

24th Street, 2812 Forest Avenue, and 2820 Lincoln Avenue. The complaints claimed defendant "knowingly operated or conducted residential rental business without a license" at each location in violation of Granite City Municipal Code § 5.142.020 (adopted Mar. 16, 2010).

¶ 5    On October 24, 2019, defendant, who proceeded *pro se*, moved to enter a statement into evidence. The pleading stated his properties were leased through a "rent-to-own arrangement." The statement also claimed harassment from the Granite City police based on the "crime-free law" that required lessors or landlords to evict tenants who were personally arrested, or had guests that were arrested, for criminal actions in Granite City.

¶ 6    On November 4, 2019, defendant moved for a jury trial in 19-OV-400178 and requested the remaining three cases (19-OV-400177, 19-OV-400179, and 19-OV-400180) be stayed until after the jury trial and thereafter set for bench trials. Defendant also moved to link several case filings from other cases pending between the parties, and submit three exhibits into evidence, in case No. 19-OV-400178. The first sentence of defendant's motion to link stated, "After 30 years of operating my business in compliance with Granite [C]ity ordinance I have refused to purchase my 2019 business license." The remainder of the motion provided defendant's rationale for his noncompliance with the license requirement, which was based on the city's enforcement of the "crime-free law."

¶ 7    Following a hearing held the same day, the court granted defendant's motion to set case No. 19-OV-400178 for jury trial and scheduled the trial for January 21, 2020. The court set the remaining three cases for non-jury trials following the jury trial in case No. 19-OV-400178. The trial court denied defendant's motion to link the case filings from other cases to case No. 19-OV-400178 and also denied defendant's motion to submit three exhibits and defendant's personal statement into evidence.

¶ 8    On or about January 14, 2020, Granite City submitted a motion for summary judgment in 19-OV-400177. The motion was based on defendant's November 4, 2019, motion to link in which Granite City stated defendant admitted "to operating a business without a business license violating the City of Granite Ordinance."

¶ 9    On January 16, 2020, the parties appeared, and the court issued an order requiring defendant to respond to Granite City's motion for summary judgment in 30 days. Defendant filed his response in case Nos. 19-OV-400177 and 19-OV-400178 on February 10, 2020, claiming that he did not obtain the license because, *inter alia*, the city was requiring him to unconstitutionally evict his tenants under its "crime free" initiative. On February 11, 2020, defendant filed an amended response in the same cases with essentially the same argument.

¶ 10    Following oral argument on March 16, 2020, the trial court issued an order granting Granite City's motion for summary judgment in all four cases. The order noted that defendant argued "for the first time" at oral argument "that he was not in business at the time the code violation was issued." The court found the record contradicted defendant's argument, noting numerous statements made by defendant indicating he "refused" to purchase the 2019 business license and was "currently" liquidating his properties. The court further found that defendant's affirmative defense "that other ordinances are onerous, and their execution would violate his tenant's constitutional rights" was not a legal defense to his failure to obtain a business license. Sentencing was to be scheduled 45 days later.

¶ 11    On May 4, 2020, defendant moved for reconsideration[1] in case no. 19-OV-400178, claiming that the property was exempt from the licensing requirement pursuant to the Granite City ordinance definitions. On September 22, 2021, the circuit court denied the motion, finding that

---

[1]The record only contains three of the four pages of the motion.

defendant's only viable argument was that the prior court misapplied the law. The court found its "ruling and reasoning at the initial hearing landed firmly within the court's discretion and therefore the law was properly applied." Thereafter, the circuit court assessed a fine of $250 for each violation and $100 in fees for each case for a total of $1400 for all four cases.

¶ 12 Defendant appealed the ruling on October 18, 2021. On November 4, 2021, defendant submitted a proposed bystander report related to the March 16, 2020, and September 22, 2021, hearings. A court-prepared bystander report for the September 22, 2021, hearing was filed November 12, 2021.

¶ 13                                II. ANALYSIS

¶ 14 On appeal, defendant argues that the trial court erred in granting the motion for summary judgment because several disputed issues of fact precluded entry of the order. He further argues that the trial court erred by denying his motion for reconsideration because it failed to allow him to submit his full case, argument, and evidence in support of newly discovered issues of material fact. Defendant's argument relies on evidence submitted in his appendix as well as his proposed bystander report. In response, Granite City argues that the trial court's rulings were correct and further argues that defendant's reliance on his own bystander report was improper, and even if defendant's evidence had been admitted, the evidence would not have changed the outcome.

¶ 15                            The Record on Appeal

¶ 16 Illinois has long held to the principle that the record cannot be supplemented with documents that were not before the trial court. See *People ex rel. Coats v. Sain*, 24 Ill. 2d 248, 250 (1962). "All matters reviewed on appeal must be made part of the official court record, and a copy of an item attached to a brief cannot be considered by this court." *Multiut Corp. v. Draiman*, 359 Ill. App. 3d 527, 534 (2005).

4

¶ 17 Defendant's argument relies on documents included in his appendix containing evidence that was not admitted at the motion for reconsideration, and the missing page from his motion for reconsideration. Both parties also included a copy of the Granite City ordinances at issue in their appendices, although no copy was contained within the record on appeal. We address the latter document first.

¶ 18 While a reviewing court may not supplement the record with a document not considered by the trial court, reviewing courts "may take judicial notice of matters that are readily verifiable from sources of indisputable accuracy." *People v. Mata*, 217 Ill. 2d 535, 539-40 (2005) (citing *People v. Henderson*, 171 Ill. 2d 124, 134 (1996)). A municipal ordinance is one such document and judicial notice may be taken of the ordinance even if not presented to the trial court. *Szczurek v. City of Park Ridge*, 97 Ill. App. 3d 649, 658 (1981); see also *Northern Illinois Home Builders Ass'n v. City of St. Charles*, 297 Ill. App. 3d 730, 736 (1998) (citing 735 ILCS 5/8-1001, 8-1002 (West 1996)). Despite neither party requesting this court take judicial notice of Granite City's ordinance, we will consider the ordinance.

¶ 19 As to defendant's inclusion in his appendix of unadmitted evidence and unfiled pleadings that are not contained in the record, no basis for inclusion exists. As such, that material is stricken from the record and will not be considered.

¶ 20 We also address defendant's contention that the trial court's bystander report fails to conform with supreme court rules and his reliance on his own bystander report. Bystander reports are used when no verbatim transcript is available and are governed by Illinois Supreme Court Rule 323(c). Ill. S. Ct. R. 323(c) (eff. July 1, 2017). Rule 323(c) allows the appellant to prepare a proposed bystander's report. *Id.* The proposed report must be served on all parties within 28 days of the filing of the notice of appeal. *Id.* Thereafter, objections or proposed amendments are

5

provided by the parties. *Id.* After the time for amendments has passed, the appellant "shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval." *Id.* Thereafter, the court "shall promptly settle, certify, and order filed an accurate report of proceedings." *Id.* "Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal." *Id.*

¶ 21    Here, defendant filed his proposed bystander report, with no proposed amendments from Granite City, and argues that the trial court erred by failing to hold a hearing on his motion to enter the bystander report. We disagree. First, we note that the record is devoid of any stipulation by Granite City to defendant's proposed bystander report. As such, defendant was required to obtain certification from the court pursuant to Rule 323(d).

¶ 22    A trial court is not required to certify a bystander report if the court believes the report is inaccurate. *Allen v. Lin*, 356 Ill. App. 3d 405, 409 (2005). "Before a trial judge certifies any transcript, whether it be a bill of exceptions or a bystander's bill, he must be satisfied that it is an accurate transcript or summary of the evidence at the trial and he is not required to certify an inaccurate summary, even though it may be the only one available." *People v. McKee*, 25 Ill. 2d 553, 557 (1962). Here, the trial court clearly did not find defendant's proposed bystander report, as to the reconsideration hearing, accurate. While defendant contends the trial court was required to conduct a hearing, the argument is controverted by Rule 323(c), which only requires a hearing "if necessary." Ill. S. Ct. R. 323(c) (eff. July 1, 2017). The trial court prepared and certified its own bystander report for the reconsideration hearing, and we find such action proper pursuant to Rule 323(c).

¶ 23    Defendant's reliance on his bystander report as to the motion for summary judgment hearing is equally untenable as there was no stipulation to defendant's alleged facts for that hearing

6

by Granite City. While it is notable that no bystander report exists for the initial hearing, the deficiency stems from defendant's failure to request a proper remedy related to the court's refusal to certify the report. Appellant could have sought *mandamus* (*Urmoneit v. Purves*, 33 Ill. App. 3d 939, 942 (1975)) or "a supervisory order from our supreme court directing the trial judge to comply with its Rule 323(c)." *W.E. Mundy Landscaping & Garden Center, Inc. v. Hish*, 187 Ill. App. 3d 164, 167-68 (1989) (Nash, J., specially concurring). Since neither occurred, our review is limited to those documents properly contained within the record.

¶ 24                                    Motion for Summary Judgment

¶ 25      "The purpose of a summary judgment proceeding is not to try an issue of fact, but to determine whether any genuine issue of material fact exists." *Happel v. Wal-Mart Stores, Inc.*, 199 Ill. 2d 179, 186 (2002). Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020); *In re Estate of Hoover*, 155 Ill. 2d 402, 410-11 (1993). "In determining whether a genuine issue of material fact exists, a court must construe the pleadings *** strictly against the movant and liberally in favor of the opponent." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). When material facts are in dispute, or when the material facts are undisputed but reasonable persons might draw different inferences from the undisputed fact, summary judgment is improper. *Id*. Summary judgment is "a drastic means of disposing of litigation and, therefore, should be allowed only when the right of the moving party is clear and free from doubt." *Id*. We review a trial court's order granting summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 26    The issue on appeal is whether the trial court properly granted Granite City's motion for summary judgment to find defendant violated Granite City's municipal ordinance requiring landlords or lessors of residential rental property to obtain a license from the city. Two ordinances are at issue. The first refers to applicability and states:

"This Ordinance [chapter] shall apply to lessors of residential property, defined for purposes of this chapter as:

A. All landlords and lessors of residential properties ***. *** and;

B. Sellers of contract for deed property, provided:

1. The contract for deed consists of a real estate installment contract for residential real estate entered into on or after April 30, 2010, under which the purchase price is to be paid in installments over a period of less than 5 years or the amount unpaid under the terms of the contract at the time of the filing of any eviction proceeding referenced in this chapter, including principal and due and unpaid interest, is less than 80% of the original purchase price of the real estate as stated in the contract.

2. Sellers of contract for deed property described in this subsection shall be included in the definition of 'lessors', for purposes of this chapter." Granite City Municipal Code § 5.142.010 (adopted Mar. 16, 2010).

¶ 27    The second ordinance addresses the license requirement and states, *inter alia*:

"All lessors of residential properties located within Granite City shall first qualify for and possess a current and valid business license for each rental unit, renewable no less often than annually. The license shall be location specific, to the individual residential unit or

8

units, and shall not be transferrable. ***" Granite City Municipal Code § 5.142.020 (adopted Mar. 16, 2010).

¶ 28    Granite City's complaints against defendant alleged violation of section 5.142.020. The parties have argued, and we agree, that in order to show a violation of section 5.142.020, defendant (1) must fall within the licensing requirements of section 5.142.010 and (2) not possess the license required by section 5.142.010. The parties, however, disagree as to the burden of proof.

¶ 29    Granite City contends that it was defendant's burden to show that he was not a landlord or a contract for deed seller, as defined by section 5.142.010. Such contention has no merit. "The party moving for summary judgment bears the initial burden of proof." *National Tractor Parts, Inc. v. Caterpillar Logistics, Inc.*, 2020 IL App (2d) 181056, ¶ 38. The movant may meet its burden of proof either by affirmatively showing that some element of the case must be resolved in its favor or by establishing " 'that there is an absence of evidence to support the nonmoving party's case.' " *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 624 (2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

¶ 30    There is no dispute that defendant did not have a business license, leaving only the question of whether defendant was a landlord or lessor as defined by section 5.142.010. On appeal, Granite City claims that element was met because defendant admitted in his November 4, 2019, filing that he was operating rental properties within Granite City without the required 2019 license. Even if Granite City's summary of defendant's statement was valid, nothing in defendant's "admission" addressed any of the properties at issue in this case. More specifically, nothing in the pleading admitted that defendant was required to have a license for the property at 2111 Alexander, the property at issue in case No. 19-OV-400177 in which the motion for summary judgment was filed. Nor did anything in that pleading admit that defendant was required to have a license for the

9

properties located at 2542 East 24th Street, 2812 Forest Avenue, or 2820 Lincoln Avenue, the properties at issue in case Nos. 19-OV-400178, 19-OV-400179, and 19-OV-400180, in which summary judgment was also granted despite the lack of any motion for summary judgment being filed in those cases.

¶ 31    Further, Granite City submitted no evidence showing that defendant was required to have the requisite license for any of the four properties. Instead, it relied on defendant's prior licensure and his refusal to obtain the licenses in 2019. However, Granite City failed to present any evidence that defendant was required to obtain the licenses for any of the properties prior to 2019. One can only speculate why Granite City did not attach copies of the leases to its complaints (see 735 ILCS 5/2-606 (West 2020)), when its claims were founded, in part, on said leases.

¶ 32    While the language in defendant's pleadings might infer that defendant was required to obtain the business license, reasonable persons might draw different inferences regarding defendant's past practice of obtaining licenses. For example, perhaps defendant was unaware the properties did not require a license when he obtained the prior license or circumstances changed at a particular location that no longer required defendant to have a license.

¶ 33    We also consider that portion of the trial court's order that addressed defendant's assertion at oral argument that he "was not in business at the time the code violation was issued," which the court found, "[s]tanding alone," had "some merit." Despite finding the assertion had merit, the order then stated, "However, the record has much which contradicts this last ditch, and somewhat desperate, defense." The order then cited portions of defendant's November 4, 2019, pleading which the court believed undermined defendant's assertion, relying heavily on defendant's use of the word "refusal" regarding his failure to purchase the 2019 business licenses as well as defendant's classifications of the people in the homes as "customers" and "tenants." The order also

found that defendant's February 10, 2020, pleading that stated he was "currently" liquidating all his holdings controverted the assertion.

¶ 34  Notably, the trial court did not find that the status of defendant's property at the time the violation was issued was not a material fact. Instead, the trial court found that defendant's allegations regarding the status of his properties were not credible. However, as noted above, "[t]he purpose of a summary judgment proceeding is not to try an issue of fact, but to determine whether any genuine issue of material fact exists." *Happel*, 199 Ill. 2d at 186.

¶ 35  We cannot find that Granite City's right to summary judgment was "clear and free from doubt." Whether any of defendant's four properties fell within the licensure requirement based on the defining language in municipal ordinance 5.142.010 is a material fact in the ultimate determination of whether defendant violated the ordinance by not having the license. We disagree that defendant's statements unequivocally removed any doubt as to the applicability of Granite City's licensure requirements to any of the four properties at issue. Because we find material issues of fact preclude granting summary judgment, we decline to address defendant's contentions regarding the trial court's ruling on his motion for reconsideration.

¶ 36                                III. CONCLUSION

¶ 37  For the reasons stated herein, we vacate the trial court's award of summary judgment.

¶ 38  Reversed and remanded.

11