**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230019-U

Order filed September 20, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| R.P. ACQUISITION CORPORATION, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Iroquois County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0019 |
| | ) | Circuit No. 21-LM-22 |
| | ) | |
| WILLIAM JODA CRABTREE, | ) | Honorable |
| | ) | Kara M. Bartucci, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Plaintiff failed to provide the reviewing court with an adequate record to review its contention that the trial court's decision, after a bench trial, was against the manifest weight of the evidence. Affirmed.

¶ 2     Plaintiff, R.P. Acquisition Corporation, filed a replevin complaint (735 ILCS 5/19-101 *et seq.* (West 2020)) against defendant, William Joda Crabtree, seeking possession of certain personal property located in a warehouse owned by defendant (the East Watseka warehouse) and damages for defendant's detention of that property. After a bench trial, the trial court entered

judgment in favor of defendant on all but one item identified in the complaint, a "large compactor." The court, however, rejected plaintiff's request for money damages for defendant's detention of the compactor.

¶ 3    Plaintiff appeals, arguing the trial court's judgment was against the manifest weight of the evidence. Because the record provides no basis on which we can make such a finding, we affirm.

¶ 4                                   I. BACKGROUND

¶ 5    Before August 2020, Pink Dogwood I, LLC, owned the warehouse at issue (the East Watseka warehouse). Pink Dogwood's affiliate, Tea Olive I, LLC, operated a retail farm and home supply business, with 25 retail locations and 2 warehouses, including the East Watseka warehouse. On August 7, 2020, Pink Dogwood sold the East Watseka warehouse and "all fixtures affixed thereto" to defendant.

¶ 6    Defendant simultaneously leased the warehouse to Tea Olive for a one-year term, so Tea Olive could continue to use the East Watseka warehouse. In January 2021, however, Tea Olive filed Chapter 11 bankruptcy.

¶ 7    In March 2021, plaintiff purchased many of Tea Olive's assets. The purchase, memorialized in an asset purchase agreement, was approved by the bankruptcy court on March 15 without objection from defendant. Under the agreement, plaintiff essentially acquired all of Tea Olive's assets that were necessary to continue the operations but none of its financial assets. The asset purchase agreement made clear that plaintiff was acquiring all such property located in the East Watseka warehouse that was *owned by Tea Olive*.

¶ 8    In May 2021, plaintiff filed this replevin action against defendant, seeking possession of certain property it acquired from Tea Olive that defendant had allegedly wrongfully detained in

the East Watseka warehouse. Plaintiff identified each item it alleged defendant had wrongfully detained. It also sought damages for defendant's wrongful detention of the items. See *id.* § 19-125.

¶ 9 The matter proceeded to a bench trial in September 2022. No court reporter was present to transcribe the evidence presented, and therefore, no verbatim transcript of the trial evidence is included in the record on appeal. Instead, the record contains an agreed statement of facts under Illinois Supreme Court Rule 323(d) (eff. July 1, 2017), which sets forth general details about the conduct of the trial.

¶ 10 According to the agreed statement of facts, the trial court heard testimony over two days. In its case-in-chief, plaintiff called Jason Plummer and Kenneth Frey. In his case, defendant called Frey, Tommy Taylor, and himself. In rebuttal, plaintiff called Plummer, Frey, and Kelli Butler. The agreed statement of facts contains general accounts of each witnesses' testimony. It states who each witness was, the general subject matter of their testimony, and the exhibits that were admitted during each witnesses' testimony. However, it does not contain any specific detail of the witnesses' testimony and does not appear to set forth all of the evidence presented to the trial court. We include one of those accounts, which is indicative of the remainder of them, here:

"Plaintiff called Jason Plummer ***, Plaintiff's Chief Executive Officer. Plummer testified regarding Plaintiff's purchase of [Tea Olive's] assets. Plummer described the negotiations and details of the sale of [Tea Olive's] assets to Plaintiff. Plaintiff's Exhibit A was admitted. Exhibit A is the Asset Purchase Agreement between Plaintiff and [Tea Olive]. Plaintiff's Exhibit B was admitted. Exhibit B is the [bankruptcy court's order approving the sale of Tea Olive's assets to plaintiff]. Plaintiff's Exhibit E was admitted. Exhibit E is a Clarification Agreement. The Clarification Agreement is a lease between Plaintiff and Crown Credit Company showing the lease of certain assets located inside [the

3

East Watseka warehouse] by plaintiff from Crown Credit Company. Plummer discussed his communications with Defendant regarding the Warehouse and the assets inside the Warehouse. Plummer also testified regarding his experience with pallet racking installation and removal.

*** 

Plaintiff called Plummer in rebuttal. Plummer testified regarding the same subjects as his prior testimony."

The agreed statement of facts also states that, after hearing the testimony, receiving several exhibits, and hearing argument, the trial court took the matter under advisement.

¶ 11 In December 2022, the trial court announced its ruling in open court and provided a detailed analysis. A transcript of the court's oral ruling was prepared and was attached to the parties' agreed statement of facts. In the end, the court found in defendant's favor on all but one item identified in plaintiff's complaint, a "large compactor." The thrust of the court's ruling was that plaintiff had the burden to prove its ownership of the property identified in the complaint, not just mere better title to it, and plaintiff had not proved it acquired ownership of the property via transfer from Tea Olive. Essentially, plaintiff had not proved *Tea Olive owned* the property at the time plaintiff purchased *Tea Olive's assets*. With regard to the compactor, the trial court ordered that plaintiff have possession, finding plaintiff proved its right to possession based on Frey's testimony that he purchased it for Tea Olive while he worked at Tea Olive. The court, however, denied plaintiff damages based on a lack of evidence to support an award.

¶ 12 In January 2023, the court entered a written order memorializing its judgment, and this appeal followed.

¶ 13 II. ANALYSIS

4

¶ 14    On appeal, plaintiff contends the trial court's judgment was against the manifest weight of the evidence. Defendant responds plaintiff has not provided a record that is sufficient to review this contention and we should therefore affirm the trial court's judgment. We agree with defendant.

¶ 15                              A. Standard of Review

¶ 16    We review a trial court's decision after a bench trial against the manifest weight of the evidence. *Battaglia v. 736 N. Clark Corp.*, 2015 IL App (1st) 142437, ¶ 23. Under this standard, we review *all* of the evidence presented and may reverse only when "an opposite conclusion is clearly apparent or the trial court's finding is palpably erroneous and wholly unwarranted, is clearly the result of passion or prejudice, or appears to be arbitrary and unsubstantiated by the evidence." (Internal quotation marks and alterations omitted.) *Bernstein and Grazian, P.C. v. Grazian and Volpe, P.C.*, 402 Ill. App. 3d 961, 976 (2010). It is axiomatic that our review is limited to the evidence and testimony actually admitted during trial. See *In re L.L.S.*, 218 Ill. App. 3d 444, 465 (1991); *In re H.C.*, 305 Ill. App. 3d 869, 878 (1999) (Steigmann, J., dissenting) ("Perhaps the most fundamental rule of appellate review is that an appellate court reviews trial court judgments based only upon the evidence presented at the trial level.").

¶ 17    "Replevin is strictly a statutory proceeding." *Gunn v. Sobucki*, 216 Ill. 2d 602, 613 (2005); see 735 ILCS 5/19-101 *et seq.* (West 2020). The plaintiff has the burden of proof (*id.* § 19-107), and "[t]o prevail, a plaintiff must recover on the strength of his or her own title or right to immediate possession." *Gunn*, 216 Ill. 2d at 613. A plaintiff who has no title or right to possession "cannot maintain replevin even against a person who has no title to the property and is wrongfully in possession of it." *Id.*

¶ 18              B. The Record is Insufficient to Review the Trial Court's Decision

¶ 19       "It is a basic principle of appellate practice that a party who prosecutes an appeal has the duty of presenting to the court of review everything necessary to decide the issues on appeal." *Moran v. Erickson*, 297 Ill. App. 3d 342, 359 (1998); see *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) (appellant has the burden to provide the reviewing court with a sufficient record to support the claim of error). Thus, when seeking review of the trial court's decision after trial, the appellant has the burden to provide this court with all of the evidence admitted at trial. See *W.E. Mundy Landscaping & Garden Center, Inc. v. Hish*, 187 Ill. App. 3d 164, 166 (1989). As we wrote in *Hish*,

> "Where the determination on appeal of whether a particular decision of the trial court constituted error depends on an examination of the evidence, and the record does not show or purport to show all pertinent evidence on which the decision is based, the reviewing court will presume that the evidence omitted supports the decision of the trial court." *Hish*, 187 Ill. App. 3d at 166; see *Foutch*, 99 Ill. 2d at 392 (any doubts arising from incompleteness of the record are resolved against the appellant).

When the record does not contain all the evidence received by the trial court, we are unable to perform our function in a manifest-weight review: to review *all* the evidence and determine whether the opposite conclusion was clearly apparent. See *Bernstein*, 402 Ill. App. 3d at 976.

¶ 20       Here, the agreed statement of facts does not contain or purport to contain all the evidence considered by the trial court. While it sets forth some general details concerning the conduct of the trial and the general topics on which each witness testified, it contains none of the specific testimony heard by the trial court. We do not have to speculate to conclude the agreed statement of facts does not contain all of the evidence presented at trial. The court's detailed oral ruling confirms the trial court heard more evidence than was included in the agreed statement of facts.

¶ 21    We acknowledge the record contains all the exhibits identified as admitted in the agreed statement of facts. Plaintiff maintains the exhibits—specifically, the asset purchase agreement and the bankruptcy court's order approving same—sufficiently proved that it owned the property identified in its complaint. Our review of the exhibits does not lead us to the conclusion that the trial court's judgment was against the manifest weight of the evidence. First, those exhibits prove nothing more than plaintiff acquired all assets located in the warehouse that were *owned by Tea Olive* when the parties executed the asset purchase agreement. None of the trial exhibits establishes that *Tea Olive owned* the specific items identified in the complaint at the time the bankruptcy court approved the sale to plaintiff. Further, the record does not establish such evidence was ever presented to the trial court. Moreover, even if the exhibits were sufficient to prove plaintiff's complaint, we do not know what other evidence the trial court heard in relation to those exhibits. We are therefore unable to determine whether the trial court's judgment was against the manifest weight of the evidence.

¶ 22                                  C. Plaintiff's Brief

¶ 23    In his brief, defendant asserts that portions of plaintiff's brief violate Rule 341(h). Specifically, defendant notes that plaintiff's brief includes references to specific testimony that is nowhere mentioned in the agreed statement of facts, while relying on the agreed statement of facts. See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020) (governing the form and content statements of facts and argument in appellate brief and requiring record support for any statement of fact). Defendant asks that we either strike the violative portions of plaintiff's brief or disregard the improper material. We agree with defendant that plaintiff's brief violates Rule 341(h).

¶ 24    For example, in its brief, plaintiff wrote the following and cited the agreed statement of facts:

"At trial, Jason Plummer testified that he negotiated with Tea Olive, the Bankruptcy Court, and Tea Olive's creditors to purchase [Tea Olive's assets]. Plummer testified that the Asset Purchase Agreement was presented to Tea Olive's creditors, including Defendant, and that no objections were made by Defendant. [Plaintiff] took possession of [Tea Olive's assets] with no difficulty except for [the assets] in Defendant's Warehouse. Plummer testified that he took every effort to work with Defendant to resolve their differences to no avail. [Plaintiff] is asking the court to allow [plaintiff] to take possession of the Property inside the Warehouse and to be compensated for the losses suffered because of Defendant's detainment of the Property." (Record citations omitted.)

The agreed statement of facts' account of Plummer's testimony, *supra* ¶ 10, contains no indication that Plummer, in fact, testified to those facts. Moreover, we are unable to find anything in the record to support plaintiff's assertion that this specific testimony was presented *at trial*.

¶ 25 The above example is not isolated. We have reviewed plaintiff's brief and it is replete with other instances in which plaintiff made assertions of fact that are not supported by the pages of the record it cites and find no record support otherwise. This plainly violates Rule 341(h)(6) and (h)(7), as well as the general principle that parties may not rely on facts that do not appear of record. *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009).

¶ 26 We decline to strike plaintiff's entire statement of facts and have instead simply disregarded the inappropriate statements in plaintiff's brief. See *id.* That does not mean plaintiff's violation was not egregious, and our decision in this regard should not be read as sanctioning plaintiff's after-the-fact, unilateral attempt to supplement the parties' agreed statement of facts. We trust plaintiff's counsel was not deliberately attempting to mislead this court and that counsel will not engage in similar conduct in any future appeals.

8

¶ 27                           D. Illinois Supreme Court Rule 323

¶ 28         The absence of a court reporter from the trial in this case was a preventable but ultimately fatal misstep. However, plaintiff was not without recourse if it wished to challenge the trial court's decision as being against the manifest weight of the evidence. At oral argument, we asked plaintiff's counsel why she did not attempt to include an account of each witness's specific testimony in the agreed statement of facts. Her response was that she did not think she could get defendant to agree to include specific testimony in the agreed statement of facts. Even if counsel's belief was true—and there is no indication she even attempted to include the specific testimony in the agreed statement of facts—that does not mean plaintiff was prevented from including specific testimony in a substitute for a verbatim transcript. Plaintiff could have proceeded under Illinois Supreme Court Rule 323(c), which permits the appellant to prepare a bystander's report of the evidence presented "from the best available sources, including recollection," and then seek certification from the trial court. Ill. S. Ct. R. 323(c) (eff. July 1, 2017). It is inexplicable, then, why plaintiff chose to omit the specific testimony from the agreed statement of facts and include it in its brief to this court.

¶ 29         In any event, plaintiff failed to provide this court with an adequate record with which we can assess the trial court's decision. We, therefore, affirm the judgment.

¶ 30                                 III. CONCLUSION

¶ 31         For the reasons stated, we affirm the judgment of the circuit court of Iroquois County.

¶ 32         Affirmed.