NOTICE

Decision filed 08/21/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241331-U

NO. 5-24-1331

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| LAUREN HAWKINS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 24-OP-338 |
| | ) | |
| TINA ROSE, | ) | Honorable |
| | ) | Sonja L. Ligon, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the circuit court's judgment where the circuit court did not err by refusing to certify appellant's bystander's report, which it found to be inaccurate, or by refusing to accept appellant's affidavits in lieu of a bystander's report. Most of respondent's substantive contentions related to an earlier order which we lack jurisdiction to address. Finally, the court did not violate the Americans with Disabilities Act.

¶ 2   Respondent, Tina Rose, appeals the Franklin County circuit court's order declining to find petitioner, Lauren Hawkins, in contempt of court for allegedly violating an agreed mutual no-contact order between the parties. For the reasons that follow, we affirm.

¶ 3                    I. BACKGROUND

¶ 4   In August 2024, Hawkins filed a verified petition for a stalking/no-contact order against Rose. Although it is not in the record, Rose had a similar pending petition against Hawkins. The

1

parties live on adjoining properties in West Frankfort. Hawkins' petition stated that Rose had been standing outside her window trying to cover the window with a blanket. When Hawkins began recording Rose with her tablet, Rose yelled profanities at her.

¶ 5        On September 17, 2024, the circuit court entered an agreed mutual civil no-contact order that both parties signed. The order required that both parties not contact each other or approach each other in a public place and remain 5 feet apart when at or near their residences and 20 feet apart in public. The order further indicated that, "A violation of this Order may result in a finding of contempt of court."

¶ 6        On November 25, 2024, Rose filed a motion to find Hawkins in contempt and requested a "protective order." The motion further claimed that the property Hawkins occupied was a nuisance under the law and requested the "removal of [Hawkins] from nuisance property." The petition alleged that Hawkins had placed a camera in her window directed at Rose's yard and was attempting to record her private activities, in violation of the no-contact order.

¶ 7        Following a hearing on December 17, 2024, the court denied the motion. Rose immediately filed a notice of appeal. On December 31, 2024, the court issued a written order finding that Rose had not met her burden of proof. The court, deeming Hawkins' testimony more credible that Rose's, found that Hawkins' conduct was not willful or contumacious.

¶ 8        The court's order noted that Hawkins' bedroom window faces Rose's residence and that, at the prior hearing, Rose testified that Hawkins was recording her. The court recalled Hawkins' testimony from the prior hearing that Rose often left her dogs outside in the early morning and that their barking disturbed Hawkins' sleep. She called the police if the dogs were barking before 7 a.m. Hawkins testified that she was not recording Rose but was only attempting to record the dogs' barking to aid in these investigations. The court noted that it advised Hawkins "not to place the

2

Ipad in the window to attempt to record the barking dogs, as it is causing concern." The court did not find the law enforcement contact to be harassing. The court did not find Rose's "statements regarding her fear for her safety to be well placed."

¶ 9 The court expressly made no findings regarding the building in which Hawkins lived, noting that it was the subject of separate cases. The court denied Rose any relief. Rose's December 17 notice of appeal thus became effective. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 10                                                II. ANALYSIS

¶ 11 Initially, we note that on August 6, 2025, Rose filed a *pro se* "motion and notice of changed circumstances and request to vacate orders and dismiss appeals in the interest of judicial economy." We reviewed Rose's motion and are unable to decipher specifically what relief she requests. For these reasons, we deny her motion and turn to the merits.

¶ 12 On appeal, Rose's statement of the issues lists 11 issues; however, she only argues 5 issues in her brief. We also note that Hawkins filed an appellee brief containing little more than one-sentence statements that responded to Rose's allegations in her brief. Further, Rose filed a reply brief raising additional issues and responded by explanation to the exhibits raised in Hawkins' brief. Neither party has restricted their filings to the trial court's order which is the subject of this appeal.

¶ 13 Further, Rose's appellant's brief fails to comply with applicable rules in numerous respects. She fails to present cohesive arguments. While citing some authorities, she fails to explain their relevance to the issues. And, while no transcript or acceptable substitute exists, she fails to cite to the common-law record in support of her contentions. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on").

3

¶ 14    A court of review is entitled to have briefs submitted that are articulate, organized, and present cohesive legal argument in conformity with our supreme court rules. *Schwartz v. Great Central Insurance Co.*, 188 Ill. App. 3d 264, 268 (1989). A reviewing court is also entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; arguments inadequately presented on appeal are forfeited. *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.*, 118 Ill. 2d 389, 401 (1987). We recognize that Rose is *pro se*, however her *pro se* status does not relieve her of the obligation to comply with our supreme court's rules governing appellate briefs. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8.

¶ 15    As noted, the record on appeal does not contain a verbatim transcript of the proceedings below or an acceptable substitute such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). The appellant bears the burden of presenting an adequate record to support any claimed errors and any doubts arising from an inadequate record will be construed against the appellant. *People v. Hunt*, 234 Ill. 2d 49, 58 (2009). Rose claims that the failure of the circuit court to record these types of hearings prevents Rose from securing an official transcript for appellate review. Rose contends, however, that she presented an adequate bystander's report but that the court erroneously refused to certify it. The record demonstrates that Rose produced a bystander's report and requested a hearing to certify it. Following that hearing, the court stated in a docket entry: "The Court has reviewed the report and considers sworn testimony and cannot certify said report or make sufficient amendments to the report."

¶ 16    Rule 323(c) requires a court to "promptly settle, certify, and order filed an accurate report of proceedings." Ill. S. Ct. R. 323(c) (eff. July 1, 2017). However, a court is not required to certify a bystander report that the court believes is inaccurate. *City of Granite City v. Link*, 2022 IL App (5th) 210315-U, ¶ 22. A court " 'is not required to certify an inaccurate summary, even though it

4

may be the only one available.' " *Id.* (quoting *People v. McKee*, 25 Ill. 2d 553, 557 (1962)). Here, the court did not consider the proposed bystander's report accurate and thus properly refused to certify it.

¶ 17 Rose further contends that she attempted to submit a factual summary to the court in the form of affidavits, which the court erroneously refused to accept. Rule 323 provides that, if no verbatim transcript is available a party may present a proposed bystander's report or an agreed statement of facts. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). It does not allow for affidavits as a substitute for a verbatim transcript. Thus, the court properly refused Rose's affidavits.

¶ 18 Rose raises three arguments contending that the circuit court erred by consolidating her petition for an order of protection with Hawkins' petition and three other pending petitions also involving Rose. However, we lack jurisdiction to review the earlier order. That order, which terminated all pending proceedings, was entered September 17, 2024. Because no postjudgment motion was filed, Rose had to file a notice of appeal by October 17, 2024. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017) (a "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed ***, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order."). Because she did not do so, that order is not properly before us.

¶ 19                                          III. CONCLUSION

¶ 20 As the record demonstrates no reversible error, we affirm the judgment of the circuit court of Franklin County.


¶ 21 Motion denied; judgment affirmed.